Lawrence E. **GAMER**,
Plaintiff-Appellant,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES**,
Defendant-Appellee.

No. 86–5922.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 1987.

Decided April 27, 1987.

Martin Taller, Anaheim, Cal., for plaintiff-appellant.

Dennis J. Mulshine, David Mazzi, San Francisco, Cal., for defendant-appellee.

Before KENNEDY, SKOPIL and KOZINSKI, Circuit Judges.

SKOPIL, Circuit Judge:

Lawrence E. Gamer appeals the district court judgment affirming the decision of the Secretary of Health and Human Services (Secretary) to deny disability benefits. Gamer contends that: (1) the Administrative Law Judge (ALJ) failed to follow the Secretary's regulations in considering how Gamer's age would affect his ability to adjust to unskilled, entry-level work; (2) the ALJ made inadequate findings regarding pain; (3) the ALJ asked hypotheticals which improperly failed to include all of Gamer's impairments; and (4) the Appeals Council failed to consider material evidence submitted after the decision of the ALJ.

We affirm in part, reverse in part, and remand to the agency for a new hearing.

## FACTS AND PROCEEDINGS BELOW

Gamer, age 54, suffers from hypertension, upper and lower back pain, and pain in the left arm and hand. He has not engaged in his previous occupations as an auto mechanic and truck driver since October 21, 1981. Gamer is left-handed.

Gamer has received treatment since September 1982 for his medical problems. In March 1983 Gamer underwent surgery to have his left ulnar nerve repositioned, but the operation was unsuccessful. Medical examinations have revealed that Gamer suffers from reflex sympathetic distrophy of the upper left extremity and causalgia with partial legion of the left ulnar nerve. Medical reports confirm that Gamer experiences significant pain in his left arm and that use of the arm and hand are limited. Gamer also complains of back pain. The medical reports confirm the problem, but do not rate it as severe. Gamer has had high blood pressure throughout his treatment even though he has received medication for this ailment. The medical reports do not mention any pain or other disability resulting from Gamer's hypertension.

Gamer applied for disability benefits in September 1983. His claim was denied and then referred to an ALJ who held a hearing and considered the case *de novo*. At the hearing the ALJ considered Gamer's medical records. Gamer and a vocational rehabilitation counselor, Dr. Perrin, testified.

At the hearing, Gamer stated that pain prevented him from using his left arm and hand for most functions. He had limited use of two fingers on the left hand. He had difficulty in writing and could not pick up anything heavier than a coffee cup. Gamer also testified that he suffered from upper and lower back pain, and that he could sit for only ten to fifteen minutes at a time. He was not sure how his hypertension affected his activities, but thought it left him tired and listless.

The vocational expert classified Gamer's previous work as semi-skilled with medium exertion and stated that Gamer could no longer perform this type of work. The ALJ then asked the vocational expert several hypothetical questions which required him to give a response based upon Gamer's testimony and the vocational expert's observations of Gamer during the hearing. The questions required the vocational expert to assume that Gamer's testimony regarding his arm was credible, but that his testimony regarding his back was not. The vocational expert testified that a person with Gamer's impairments could perform light entry-level jobs within the current labor market. The vocational expert explained that such a person might be able to perform a "packaging type of activity of the light exertional unskilled nature" or "sorting activity." He testified that Gamer had some transferable skills, but that these

skills were not transferable to any job Gamer might still be able to perform.

The ALJ found that Gamer was not disabled. He concluded that Gamer suffered "from severe residuals status post surgery for ulnar nerve transposition of the left elbow and reflex sympathetic dystrophy of the left upper extremity." The ALJ made no finding concerning Gamer's back pain or hypertension but stated that "[t]he claimant's complaints of debilitating pain and functional loss are not supported by the medical evidence of record." With regard to Gamer's ability to work, the ALJ found that Gamer could no longer perform his past relevant work and that none of Gamer's skills were transferable. Nevertheless, the ALJ concluded that Gamer was still able to perform some types of light work such as packaging and sorting.

## STANDARD OF REVIEW

The decision of the district court granting summary judgment is reviewable *de novo. Miller v. Heckler,* 770 F.2d 845, 847 (9th Cir.1985). In reviewing the denial of the disability claim, this court must affirm if the Secretary's findings of fact are supported by substantial evidence, 42 U.S.C. § 405(g) (1986), and the Secretary applied the proper legal standards. *Gallant v. Heckler,* 753 F.2d 1450, 1452 (9th Cir.1984). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Martinez v. Heckler,* 807 F.2d 771, 772 (9th Cir.1986) (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)). We must consider the record as a whole, weighing both the evidence that supports and detracts from the Secretary's conclusion. *Green v. Heckler,* 803 F.2d 528, 530 (9th Cir.1986).

## DISCUSSION

To qualify for disability benefits, Gamer must show that a medically determinable physical or mental impairment prevents him from engaging in substantial gainful activity and that the impairment is expected to result in death or to last for a continuous period of at least 12 months. *Cotton*

*v. Bowen,* 799 F.2d 1403, 1405 (9th Cir. 1986) (per curiam); 42 U.S.C. § 423(d)(1)(A). The impairment must result from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. *Cotton,* 799 F.2d at 1405; 42 U.S.C. § 423(d)(3).

■ At the hearing on his application for benefits, Gamer bears the burden of proving he is disabled. *Howard v. Heckler,* 782 F.2d 1484, 1486 (9th Cir.1986). A claimant makes a prima facie case of disability by establishing that his impairments prevent him from doing his previous job. *Gallant,* 753 F.2d at 1456; *see also* 42 U.S.C. § 423(d)(2)(A). The burden then shifts to the Secretary to show that the claimant can do other substantial gainful activity considering his age, education, and work experience. *Gallant,* 753 F.2d at 1456; *see also* 42 U.S.C. § 423(d)(2)(A). A claimant who cannot return to his past relevant work is not disabled if he is able to perform other types of work. *Hall v. Secretary of Health, Education & Welfare,* 602 F.2d 1372, 1375 (9th Cir.1979); 20 C.F.R. § 404.-1520(f)(1) (1984).

### A. Adjustment to Entry-Level Work

■ Gamer alleges the Secretary failed to follow its own regulations regarding Gamer's ability to adjust to unskilled, entry-level work. Gamer argues that because he is not able to perform a full range of light work, his age requires that he be considered disabled.

The regulations state that if a person is closely approaching advanced age (50–54), "age, along with a severe impairment and limited work experience, may seriously affect [one's] ability to adjust to a significant number of jobs in the national economy." 20 C.F.R. § 404.1563(c) (1984). The Secretary has adopted a series of grids which take into account these factors. *See* 20 C.F.R., Pt. 404, App. 2, Tables 1 and 2 (1984). *See also Razey v. Heckler,* 785 F.2d 1426, 1430 (9th Cir.) (permitting use of the grids in appropriate cases), *amended* 794 F.2d 1348 (9th Cir.1986). The grids

show that a person of Gamer's age, education, and work experience would be considered disabled if that person could only perform sedentary work, but that that same person would not be considered disabled if able to perform light work. *See* 20 C.F.R., Pt. 404, App. 2, Tables 1 and 2. *Compare* 20 C.F.R., Pt. 404, App. 2, §§ 201.10 and 201.14 (1984) with 20 C.F.R., Pt. 404, App. 2, §§ 202.11 and 202.14 (1984). Capacity to perform a full range of light work includes the capacity to perform sedentary work. 20 C.F.R., Pt. 404, App. 2, § 202.00 (1984).

Gamer's argument fails. The regulations do not state that a person of closely advancing age who cannot perform all types of light work is disabled. Nor do they state that a person unable to perform all types of light work is limited to sedentary work. The grids are to be used as guidelines in appropriate cases. *See Heckler v. Campbell,* 461 U.S. 458, 470, 103 S.Ct. 1952, 1959, 76 L.Ed.2d 66 (1983). It was, therefore, permissible for the ALJ to conclude that a person closely approaching advanced age who can perform some types of light work is not disabled.

**B. Findings Regarding Pain**

■ The Secretary is not required to believe Gamer's pain testimony and may disregard entirely such testimony if Gamer does not submit objective medical findings establishing a medical impairment that could reasonably be expected to produce the claimed pain. *See Green,* 803 F.2d at 531–32; 42 U.S.C. § 423(d)(2)(A). The Secretary must, however, make specific findings justifying the decision. *Martinez,* 807 F.2d at 773. It is improper as a matter of law to discredit excess pain testimony solely on the ground that it is not fully corroborated by objective medical findings. *Cotton,* 799 F.2d at 1407.

■ In this case the ALJ made only a general finding that "[t]he claimant's complaints of debilitating pain and functional loss are not supported by the medical evidence of record." The ALJ did not state to which complaint of pain he was referring

or what medical evidence suggested that Gamer's claim of pain was not credible.

The findings regarding pain are not sufficient. Although the ALJ found that Gamer's complaints of pain were not supported by the medical record, he concluded that Gamer was incapable of "lifting and carrying with the left upper extremity and fine manipulation and dexterity of the left upper extremity." The medical reports also confirm the existence of pain. Thus, the objective evidence establishes the existence of significant pain in Gamer's arm and hand, and the findings do not justify the ALJ's decision to disregard this evidence.

■ Even if the finding regarding pain is interpreted to disregard only the pain in excess of the medical evidence, the finding is inadequate. Gamer testified at the hearing to severe back pain in excess of that supported by the medical evidence. Because the excess pain is associated with a clinically demonstrated impairment, the ALJ is required to consider the testimony. *Id.* The fact that the testimony was not fully supported by the medical evidence is not in itself a sufficient reason for discrediting the testimony. *Id.*

**C. Hypothetical Questions**

■ Gamer also claims that the Secretary did not meet his burden of proof in establishing that Gamer could perform other types of work. *See Perminter v. Heckler,* 765 F.2d 870, 871–72 (9th Cir.1985) (per curiam). Absent other reliable evidence of a claimant's ability to perform specific jobs, "the Secretary must use a vocational expert." *Id.* at 872. Hypothetical questions asked of vocational experts must "set out all of the claimant's impairments." *Gallant v. Heckler,* 753 F.2d 1450, 1456 (9th Cir.1984) (quoting *Baugus v. Secretary of Health and Human Services,* 717 F.2d 443, 447 (8th Cir.1983)). "If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Gallant,* 753 F.2d at 1456.

■ The hypothetical questions asked of the vocational expert in this case did not

establish that Gamer could perform other types of work. The questions were deficient because they failed to set out Gamer's impairments. The ALJ told the vocational expert to accept the impairment to Gamer's left arm as credible, but to exclude Gamer's complaints regarding his back. The questions did not explain how Gamer's left arm was impaired. No reference was made to Gamer's left hand or to his hypertension. The vocational expert's role is not to evaluate the medical evidence. It is to "translate[ ] factual scenarios into realistic job market probabilities." *Sample v. Schweiker*, 694 F.2d 639, 643 (9th Cir. 1982). Hypothetical questions must set out the limitations of that particular claimant. Because Gamer suffers significant pain, pain should have formed a part of the hypothetical question. *See Gallant*, 753 F.2d at 1456. The ALJ's hypothetical questions should have included all other restrictions, such as Gamer's inability to lift certain weights and his inability to do fine manipulations. *Cf. Martinez*, 807 F.2d at 773 (upholding the use of a hypothetical question that set out the specific limitations of the claimant). A hypothetical question is not useful if, as in this case, it requires the vocational expert to weigh the evidence for probity or to determine the validity of a medical opinion. *See Sample*, 694 F.2d at 643–44.

The Secretary also argues that Gamer's failure to object to the hypothetical questions put to the vocational expert and Gamer's failure to ask any questions of his own constitutes a waiver. But the closing statement by Gamer's attorney makes clear that Gamer did not waive his objection to the ALJ's failure to consider the specific impairments of his left arm and hand and of his back. The government had ample notice of these claimed impairments and could have framed hypotheticals accordingly had it chosen to do so. The burden is on the Secretary to establish that Gamer can engage in other substantial gainful activity, *Gallant*, 753 F.2d at 1452, and in this posture of the case, Gamer was not obliged to pose more precise hypotheticals in order to preserve his objection. In cases in which the hypothetical question

meets the Secretary's burden of proof, the claimant's counsel should pose hypotheticals of his or her own in order to clarify the issues. In this case, however, we must remand for a new hearing.

### D. Failure of Appeals Council to Review the Record Adequately

The Appeals Council has a duty to review the entire record only if the additional evidence submitted is new and material. *See* 20 C.F.R. § 404.970(b) (1984). The materiality of new evidence is a question of law reviewed *de novo* by this court. *See Booz v. Secretary of Health and Human Services*, 734 F.2d 1378, 1380 (9th Cir.1984). In order for this court to remand the case, Gamer must show that the new evidence is material and that there was good cause for the failure to incorporate the evidence into the record in the initial proceeding. *See Cotton*, 799 F.2d at 1409; 42 U.S.C. § 405(g). The materiality requirement is met if the new evidence bears "directly and substantially on the matter." *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir.1985). There must be a "reasonable possibility that the new evidence would have changed the outcome of the Secretary's determination had it been before him." *Booz*, 734 F.2d at 1380 (quoting *Dorsey v. Heckler*, 702 F.2d 597, 604–05 (5th Cir.1983).

Gamer submits that three medical reports and a report from the California Department of Rehabilitation, all of which were submitted after the decision of the ALJ was rendered, are material and that the Appeals Council erred by failing to review the record *de novo*. He also alleges that the Appeals Council erred by failing to state the standard of review it applied. The evidence submitted by Gamer does not, however, meet the standard of materiality articulated by the Ninth Circuit. The medical reports raise no new medical problems and fail to show that any of the earlier reports were in error. The rehabilitation report shows that Gamer is completely disabled, but gives no reasons for its findings. The decision of the district court is affirmed on this issue.

## CONCLUSION

The Secretary erred by failing to make specific findings concerning Gamer's claims of pain. The Secretary also erred by asking hypothetical questions which excluded some of Gamer's medical problems. The regulations do not, however, require a finding of disability because of Gamer's age. Nor did the Appeals Council err by concluding that the evidence submitted subsequent to the hearing was not material.

Affirmed in part, reversed in part, and remanded for a new hearing. Costs are awarded to the claimant.