886 F.2d 1319
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 Pauline M. GALINDO, Plaintiff-Appellant,
v.
Margaret HECKLER, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 85-1818.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1989.*
Decided Sept. 28, 1989.
 Before CHAMBERS, CANBY and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pauline M. Galindo appeals from the district court's decision upholding the determination of the Secretary of Health and Human Services (the Secretary) that Galindo was not entitled to social security disability insurance benefits. The Secretary's decision to deny benefits " 'will be disturbed only if it is not supported by substantial evidence or it is based on legal error.' " Brawner v. Secretary of Health & Human Servs., 839 F.2d 432, 433 (9th Cir.1988) (quoting Green v. Heckler, 803 F.2d 528, 529 (9th Cir.1986)). See 42 U.S.C. Sec. 405(g). Reviewing the district court's decision de novo, Gamer v. Secretary of Health & Human Servs., 815 F.2d 1275, 1278 (9th Cir.1987), we affirm.
 
 
 3
 Galindo is a 56-year-old woman with a ninth grade education. In 1982, she filed a request for disability insurance benefits on the basis of a lower back injury.[1] Galindo alleges that she became unable to work on September 24, 1966 when she was treated for burning pains in her lower back which spread across into her groin and the front of her legs. She has not worked since 1966.
 
 
 4
 Galindo's application was denied initially and upon reconsideration by the Social Security Administration. Galindo then requested a hearing before an administrative law judge (ALJ) which was held on March 9, 1983. On June 28, 1983, the ALJ found that Galindo was not disabled prior to December 31, 1968 and this decision became the final decision of the Secretary when the Appeals Council denied review on September 26, 1983. Galindo pursued an appeal in the district court which was dismissed on March 11, 1985.[2] This appeal followed.
 
 
 5
 Galindo first contends that the Secretary's decision is not supported by substantial evidence. This contention is meritless.
 
 
 6
 'Substantial evidence' means 'more than a mere scintilla,' Richardson v. Perales, 402 U.S. 389, 402 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)), but 'less than a preponderance.' Sorenson v. Weinberger, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975). It means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 402 (citation omitted).
 
 
 7
 Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 576 (9th Cir.1988) (citations omitted). In making a substantial evidence determination, the court "must consider the record as a whole, weighing both the evidence that supports and detracts from the Secretary's conclusion." Gamer, 815 F.2d at 1278 (citing Green, 803 F.2d at 530).
 
 
 8
 Galindo was last insured for purposes of entitlement to disability benefits on December 31, 1968. See 42 U.S.C. Sec. 423(c); 20 C.F.R. Sec. 404.1520. Therefore, Galindo must demonstrate that she was disabled prior to that date. Although Galindo's more recent medical records indicate that her condition is deteriorating and that she currently suffers from degenerative arthritis and carpal tunnel syndrome as well as back pain, there is simply no evidence in the record that the first two conditions existed in 1968 or that her lower back pain was disabling at that time.[3]
 
 
 9
 Dr. White, in numerous entries and letters written in 1966, determined that Galindo suffered from mild to moderate pain caused by a possible "mild disc protrusion with nerve root irritation at an as yet undetermined level." White recommended only conservative treatment, including rest and exercise, and stated that "it is probably advisable that [Galindo] not perform this type of work [as a hospital maid] for a matter of some weeks." Dr. Drennan, who began treating Galindo in August of 1967 and apparently continues to treat her, has never stated that Galindo is disabled or unable to return to any work, and diagnoses only "postural lumber sprain, possible mild lumbar disc disease."[4] And in a 1978 letter to the State Department of Social Services handling Galindo's claim, a Dr. Wood wrote that Galindo was examined in his clinic in October of 1966 and that "it was the impression of the examining orthopedic surgeon that the patient had no disability at [that] time, and there was no reason for her not working."
 
 
 10
 Some support for Galindo's claim, albeit weak support, could be inferred from the "Opinion of Decision" of referee Alvin L. Dove dated April 17, 1967, prepared in connection with Galindo's unsuccessful worker's compensation claim. There, Dove writes that medication relieves Galindo's lower back pain, but that she has difficulty with prolonged standing or walking and that she is "still" unable to do regular work because of the pain. However, it is not clear whether this conclusion is based on Dove's independent medical evaluation of Galindo or is merely a report of Galindo's own subjective complaints. It certainly does not override the failure of her own treating physicians to consider her disabled. The ALJ's decision is supported by substantial evidence.
 
 
 11
 Galindo also contends that the Secretary erred "in not making specific [sic] detailed findings as to why [Galindo's] injuries do not constitute a disability." Galindo points specifically to the ALJ's treatment of evidence offered by Galindo's treating physicians and the ALJ's alleged disregard of Galindo's testimony regarding "her continuous pain stemming from the injuries in 1966." These claims of legal error are likewise meritless.
 
 
 12
 While it is true that the Secretary must set forth "specific, legitimate reasons" based on substantial evidence for disregarding a treating physician's controverted opinion, see Magallanes v. Bowen, No. 88-2593, slip op. at 8861, 8867 (9th Cir. Aug. 4, 1989), Davis v. Heckler, 868 F.2d 323, 326 (9th Cir.1989), the ALJ has not disregarded the opinions of Drs. White and Drennan. Neither White nor Drennan, nor any other doctor represented in the record presented to this court, ever opined that Galindo was disabled prior to December 31, 1968. It was therefore unnecessary for the ALJ to contradict their conclusions.
 
 
 13
 Similarly, assuming that Galindo's lower back pain is " 'associated with a clinically demonstrated impairment' " and should therefore be considered by the ALJ, Varney v. Secretary of Health & Human Servs., 846 F.2d 581, 584 (9th Cir.1988), the ALJ's decision to discount or disregard Galindo's excess pain testimony "must be supported by specific findings." Id. See Gamer, 815 F.2d 1279. In this case, the ALJ clearly noted Galindo's subjective complaints of pain, stating "[w]hile admittedly she does experience some discomfort, the absence of definite organic changes detract from her testimony concerning the severity of the impairment." And in his findings he held that "[t]he claimant's complaints of pain in her low back are not found to be credible in view of the medical evidence of record."
 
 
 14
 On the one hand, great weight is generally given to an ALJ's credibility determination. Magallanes, slip op. at 8865, Brawner, 839 F.2d at 433. On the other, when an ALJ "gives no reason for disregarding [a claimant's] pain testimony," and does not "isolate particular complaints of pain and discuss the evidence suggesting that those complaints are not credible," these omissions are improper as a matter of law and require a reversal of the ALJ's decision. Varney, 846 F.2d at 584. See also Stewart v. Sullivan, No. 88-6420, slip op. at 8695, 8701-02 (9th Cir. Aug. 3, 1989). Although in the instant case the ALJ may have failed to satisfy our rule for making specific findings regarding pain testimony, we need not rest our affirmance on a determination to the contrary. Rather, we find that Galindo failed to testify specifically regarding the pain she experienced prior to December 31, 1968, the only time period relevant to her disability claim.[5] Therefore, the ALJ did not err in failing to give specific reasons for disregarding Galindo's pain testimony.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 3(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Galindo has applied for social security disability benefits on at least four separate occasions. The record contains denial notices dated April 24, 1971, January 24, 1974, September 28, 1976 and April 13, 1982 and denial of reconsideration notices dated February 2, 1972 and November 30, 1976. At her hearing before the administrative law judge on the instant application, Galindo testified that she has, in fact, applied yearly. At any rate, Galindo has not requested a reopening of any of the previous denials and we treat the matter before us as an appeal from the Secretary's denial of Galindo's most recent application dated January 18, 1982
 
 
 [2]
 The district court did not clearly specify the basis of its decision. After discussing Galindo's repeated failures to comply with procedural orders (she was acting pro se ), the district court stated that "plaintiff's substantive claims appear to lack merit" and reached the merits of the case. Specifically, the district court found that substantial evidence supported the ALJ's decision that Galindo was not disabled prior to December 31, 1968 and that the ALJ "explicitly rejected plaintiff's credibility as to the extent of her subjective allegations of pain."
 In addition, the district court held that remand to the Secretary on the basis of newly-introduced evidence was unnecessary because the new evidence was duplicative. Galindo has not pursued this claim on appeal and we do not address it.
 
 
 [3]
 Galindo bore the burden of establishing a prima facie case of entitlement to disabilty insurance benefits. See 42 U.S.C. Sec. 423(d)(5)(A). See, e.g., Sanchez v. Secretary of Health & Human Servs., 812 F.2d 509, 511 (9th Cir.1987)
 
 
 [4]
 In 1972, Dr. Drennan wrote a letter to the then Department of Health, Education and Welfare, stating:
 Examination at approximately this time showed all back motions caused pain. X-rays shows [sic] minimal narrowing of the lumbosacral disc space. She has been treated conservatively since that time with rest and heat and some back exercises. There is increased lumbar lordosis and back motions continue to cause pain. She is able to maintain minimal activities without significant stress but is unable to work.
 Even leaving aside the difficulties we would have relying on Dr. Drennan's conclusion in the absence of more specific findings, it is clear that while the initial discussion in this comment (phrased in the past tense) may deal with the period around 1966, that the conclusion (in the present tense) is based only on Galindo's condition in 1972. Nothing in any of Dr. Drennan's reports explicitly points to a disabling condition prior to 1969.
 
 
 [5]
 At her hearing before the ALJ, Galindo mentioned the pain which she experienced in 1966 only once, in this short exchange with her attorney:
 Q. Would you please describe to His Honor the physical problem that you were having in 1966 that caused you to cease working?
 A. The low pain in my back, and my legs, and I was not able to perform my duties as a maid.
 Other references to pain in Galindo's testimony concerned only the pain she was experiencing at the time of the hearing, which was not relevant to the determination of whether there was an existing disability fifteen years earlier.