956 F.2d 1167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carmella POULAIN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary, HHS, Defendant-Appellee.
 No. 90-55923.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 4, 1991.
Submission Deferred June 10, 1991.
Resubmitted Feb. 12, 1992.
Decided March 9, 1992.
 
 Before GOODWIN, PREGERSON and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carmella Poulain appeals the district court's grant of summary judgment upholding an administrative law judge's (ALJ) decision to deny disability benefits. In light of our recent decision in Bunnell v. Sullivan, 947 F.2d 341 (9th Cir.1991) (en banc), we reverse and remand on the issue of excess-pain testimony with directions to remand to the Secretary of HHS. We also remand, as necessary, for further proceedings to determine if the degree of pain experienced by Poulain would in fact prevent her from working. We affirm on all other issues.
 
 
 3
 When a claimant's pain testimony is supported by medical evidence supporting the existence of some degree of pain, the ALJ cannot reject that testimony without giving specific and convincing reasons. Id. at 345. The ALJ may not rely solely on a finding that the medical evidence presented does not fully support the claimant's testimony. Id. If the ALJ fails to articulate specific and convincing reasons for rejecting a claimant's pain testimony, a claimant's allegations of pain will be accepted as true by a reviewing court. Varney v. Secretary of Health and Human Services, 859 F.2d 1396, 1401 (9th Cir.1988) (Varney II ).
 
 
 4
 In the present case, the ALJ did not give specific and convincing reasons for rejecting Poulain's pain testimony. The ALJ merely concluded that "[t]he claimant's allegations of disabling pain and functional limitations attendant to her impairments are not credible as they are not supported by the medical evidence of record." This type of explanation is clearly insufficient under our decision in Bunnell. In the absence of findings setting out specific and convincing reasons, Poulain's allegations of pain should have been accepted as true and credible by the ALJ.
 
 
 5
 If on remand to the Secretary the ALJ does not reject Poulain's pain testimony, then the ALJ should conduct proceedings to determine whether the degree of pain experienced by Poulain would in fact prevent her from working. Gamer v. Secretary of Health and Human Services, 815 F.2d 1275, 1279-80 (9th Cir.1987). As we held in Gamer, remand is necessary when the record does not make the outcome of the disability determination clear. Id. at 1280. If the Secretary uses a vocational expert to establish whether a claimant could perform other types of work, the vocational expert must be asked hypothetical questions which take into account all of the claimant's impairments. Id. at 1279. Neither the government nor Poulain's attorney asked the vocational expert whether Poulain could work, assuming that her pain testimony was true.
 
 
 6
 We reverse and remand to the district court with instructions to remand to the Secretary of HHS for further proceedings in accordance with our decisions in Bunnell, Gamer, and Varney II.
 
 
 7
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3