962 F.2d 14
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony M. PANACCIONE, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Secretary of Health and Human
Services, Defendant-Appellee.
 No. 91-35332.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 6, 1992.
Decided April 23, 1992.
 
 1
 Before EUGENE A. WRIGHT and ALARCON, Circuit Judges, and DAVIES,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 On September 5, 1989, Administrative Law Judge ("ALJ") Stephen P. Kramer issued a decision finding that Anthony M. Panaccione was not disabled and not entitled to Social Security disability insurance benefits. This became the final decision of the Secretary of Health and Human Services ("Secretary") when the Appeals Council declined to review the decision of the ALJ.
 
 
 4
 Panaccione then filed a complaint in federal district court to challenge the denial of his claim for benefits. The Honorable Robert C. Belloni of the United States District Court of Oregon found that the Secretary's decision was supported by substantial evidence and affirmed the denial of benefits. Panaccione appeals the decision of the district court.
 
 
 5
 The decision of the district court granting summary judgment is reviewable de novo. See Gamer v. Secretary of Health and Human Services, 815 F.2d 1275, 1278 (9th Cir.1987). The Court of Appeals reviews the Secretary's decision to determine whether it is based on proper legal standards and whether there is substantial evidence in the record as a whole to support it. See Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir.1986). "Substantial evidence" means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. See Gamer, 815 F.2d at 1278.
 
 
 6
 The central issue on appeal is whether there is substantial evidence to support the Secretary's decision that Panaccione is not disabled, and hence not entitled to disability benefits. In order to assist him in making his decision, the ALJ elicited the testimony of a consultative physician, Dr. Keith W. Harless. The Ninth Circuit has recognized that the reports of consultative physicians may serve as substantial evidence to support the Secretary's decision. See Magallanes v. Bowen, 881 F.2d 747, 752-53 (9th Cir.1989).
 
 
 7
 In this case, Dr. Harless reviewed the documentary evidence and listened to Panaccione's testimony. Dr. Harless concluded that nothing in the evidence showed that a balloon dilation had been performed on Panaccione's right leg. Dr. Harless provided a professional opinion that Panaccione did not suffer from one of the impairments recognized by the Secretary.
 
 
 8
 In addition, Dr. Harless opined that Panaccione could tolerate lifting up to 15 pounds. Also, Dr. Harless saw nothing in the record to indicate that Panaccione could not walk. On the contrary, Dr. Harless found some evidence suggesting that it might be beneficial for Panaccione to exercise by walking. Dr. Harless found that Panaccione suffered no hearing loss, could stand for as much of 50 percent of a work day with sufficient rest periods, and could tolerate sitting for unlimited periods of time. Dr. Harless testified that Panaccione could achieve endurance for a 40-hour work week if he started on a part-time basis. Finally, Dr. Harless opined that Panaccione would probably not require long-term inpatient treatment for any of his chronic conditions.
 
 
 9
 In response to a hypothetical question, Terry Tesh, Ph.D., a vocational expert, testified that Panaccione would be capable of performing a job as a "drummer buffer" at a light exertional level, since that work did not involve lifting objects over 10 pounds. Dr. Tesh further testified that Panaccione had acquired transferable skills that would allow him to function in the local and national economy. Specifically, Dr. Tesh opined that Panaccione could work as a buffer/polisher.
 
 
 10
 ALJ Kramer concluded that Panaccione could perform past relevant work and was, therefore, not entitled to disability benefits. The ALJ's decision was based on the testimony of the consultative physician, Dr. Harless and the vocational expert, Dr. Tesh, each of whom testified that Panaccione's physical condition combined with his vocational skills allowed him perform sedentary work in the local or national economy. Specifically, it was the opinion of these experts that Panaccione could work as a "buffer/polisher." The opinions of these experts are "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Gamer, 815 F.2d 1278. Thus, there is substantial evidence to support the Secretary's decision.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The Honorable John G. Davies, United States District Court for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3