972 F.2d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ester ILETO, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary, HHS, Defendant-Appellee.
 No. 91-55803.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted July 10, 1992.
Decided July 16, 1992.
 
 1
 Before SNEED and D.W. NELSON, Circuit Judges, and ROLL, District Judge*
 
 
 2
 MEMORANDUM**
 
 
 3
 Ester Ileto appeals the district court's summary judgment in favor of the Secretary of Health and Human Services in her action challenging the Secretary's determination that she is ineligible for Supplemental Security Income benefits due to the value of her financial resources.
 
 
 4
 Financial eligibility requirements for SSI benefits are set forth at 42 U.S.C. § 1382(a). Under this statute, an aged or disabled person may receive SSI benefits if her income and resources do not exceed certain annual limits. In 1989, the limit applicable to Ileto for resources was $2,000.00. See 42 U.S.C. § 1382(a)(3)(B).
 
 
 5
 We review a district court's grant of summary judgment de novo. Vallejo General Hospital v. Bowen, 851 F.2d 229, 230 (9th Cir.1988). Viewing the evidence in the light most favorable to the non-moving party, we must determine whether there are genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). A reviewing court must affirm the Secretary's denial if his findings are supported by substantial evidence and he applied the proper legal standards. Gamer v. Secretary of Health and Human Services, 815 F.2d 1275, 1278 (9th Cir.1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir.1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).
 
 
 6
 The issue is whether Ileto's resources exceeded the prescribed statutory limit of $2000.00. At the hearing Ileto presented confusing evidence about her ownership of land in the Philippines valued at either $13,000.00, $2,500.00, or $650.00. The ALJ found that, at the time of the hearing, Ileto still owned the land. In light of Ileto's 1989 statement that she owned land in the Philippines, the contradictory information she presented about her ownership of and the amount paid for the land in the alleged sale to her children, and the ALJ's determination that her testimony at the hearing was not credible, we find that the Secretary's determination that Ileto failed to establish her eligibility for benefits was supported by substantial evidence.
 
 
 7
 Moreover, even if Ileto had straightened out the paperwork and established that she did not own the land at the time she applied for benefits, she was ineligible for benefits based on the bank accounts. Her name was on three bank accounts totalling more than $6000.00. She received interest payments on two of the accounts. Because she had access to these accounts, the funds on deposit were chargeable to her for SSI purposes. 20 C.F.R. § 416.1201(a)(1). Ileto was ineligible for SSI benefits.
 
 
 8
 We uphold the district court's determination that the Secretary could reasonably find that Ileto had failed to establish that her financial resources were below the applicable statutory limit of $2000.00.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Honorable John M. Roll, United States District Judge, of the District of Arizona, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3