968 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Christopher HEAVIN, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, M.D., Defendant-Appellee.
 No. 91-55393.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 4, 1992.
Decided July 20, 1992.
 
 Before HUG and PREGERSON, Circuit Judges, and PECKHAM,* District Judge.
 MEMORANDUM**
 Appellant Christopher Heavin appeals the district court's affirmance of the decision of the Secretary of Health and Human Services denying his application for disability benefits. Mr. Heavin contends that the decision was not supported by substantial evidence and further that the Secretary applied improper legal standards in arriving at a decision.
 FACTS
 Appellant Christopher Heavin was severely injured in a forty foot fall from an off shore oil rig on October 13, 1986. At the time of the accident he was employed as a pumper/gauger in charge of operating three off-shore oil rigs. He was 32 years old. His injuries included a fractured and dislocated spine, punctured diaphragm, a shattered right femur and several broken bones. Shortly after the fall he underwent surgery for a spinal fusion of his back. Mr. Heavin also sustained kidney damage as a result of the fall. His reduced kidney functioning precludes him from receiving sleep and pain medication and may limit the kinds of work environments in which he can function. He has not worked since the time of his injury. The back surgery he underwent in 1986 was not completely successful and he had additional surgery in 1988.
 Mr. Heavin maintains that he has been disabled since the time of the accident. The Secretary of Health and Human Services denied his application for disability in November, 1987, concluding that he had been treated for his injuries and could return to work as a safety engineer. On February 2, 1988, Mr. Heavin's request for reconsideration was denied.
 On February 23 and March 27, 1989, hearings were held before an administrative law judge at which testimony from Mr. Heavin, his attorney, a vocational expert and two medical advisors was presented. The administrative law judge upheld the denial of Mr. Heavin's claim for disability. Unlike the Secretary, however, the ALJ concluded that Mr. Heavin could not return to the position of safety representative. The ALJ recognized that Mr. Heavin was not able to perform a full range of sedentary work, but concluded that, in light of his young age, education and job skills, a finding of "not disabled" was recommended. The ALJ reached the conclusion that Heavin could perform other jobs by utilizing the guidelines for determining disabilities provided in 20 C.F.R. § 404, Subpart P, Appendix 1, Rule 201.38. In addition, a vocational expert testified that based upon Mr. Heavin's profile he could perform a significant number of sedentary jobs including, routing clerk, property clerk, dispatcher, and control clerk.
 The ALJ's decision was upheld by the Appeals Council. The district court upheld the ALJ's decision because it found that the conclusion that Mr. Heavin was capable of performing certain light work was reasonable and supported by substantial evidence on the record.
 DISCUSSION
 1. Standard of Review:
 The decision of the district court upholding the ALJ's denial of disability benefits is reviewed under a de novo standard. Miller v. Heckler, 770 F.2d 845 (9th Cir.1985). Jurisdiction of this court is limited to the question of whether the findings of fact of the ALJ are supported by substantial evidence, and whether proper legal standards were applied. Hall v. Secretary of HEW, 602 F.2d 1372 (9th Cir.1979). Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion". Richardson v. Perales, 402 U.S. 389, 401 (1971); Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir.1985). In reviewing the weight of the evidence, the court must examine the administrative record as a whole and not merely isolated evidence tending to support a finding. Gonzales v. Secretary of HHS, 914 F.2d 1197, 1200 (9th Cir.1990); Gamar v. Secretary of HHS, 815 F.2d 1275 (9th Cir.1987).
 2. Conclusion of No Disability As of October, 1987:
 The Social Security Act provides that an applicant for disability must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically accepted clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3), 42 U.S.C. § 1383(c)(3)(C).
 Heavin's injuries occurred on October 13, 1986, thus his disability application was properly denied if he was capable of returning to some type of gainful employment before October 13, 1987.
 In reaching the conclusion that Mr. Heavin was capable of gainful employment as of October 13, 1987, and therefore not entitled to disability benefits, the ALJ relied extensively upon a statement made by Dr. Blanda, Mr. Heavin's treating physician, in a letter dated January 6, 1988. In that letter Dr. Blanda described Mr. Heavin's condition as of September, 1987 as follows:
 As far as work capacity is concerned I don't think he is capable of returning to manual labor. Light duty work would be his major goal. Perhaps he will need retraining for this. As I understand it, he worked offshore as a pumper or gager in the oil field and I don't think he is capable of returning back to that type of employment. Now would be a good time to start vocational rehabilitation with this fellow since I think he does have good mental capacity and is probably anxious to get back to a relatively normal life.
 The two medical experts, Dr. Meyers and Dr. Faucett, who testified on behalf of the Secretary at the ALJ hearing relied upon this statement by Dr. Blanda and Dr. Blanda's notes regarding Mr. Heavin's progress in reaching their conclusion that Heavin was capable of sedentary work as of September, 1987. Neither Dr. Meyers nor Dr. Faucett conducted independent examinations of Mr. Heavin.
 Dr. Blanda's statement suggests only that light work would be Mr. Heavin's goal and does not necessarily support the conclusion that he was capable of such work at that time. Moreover, there is a great deal of evidence in the record to indicate that Mr. Heavin was disabled at least through August, 1988. The doctor who became Mr. Heavin's treating physician in 1988, Dr. Linovitz, concluded that Heavin was disabled from the time of the accident, in October, 1986, through February, 1989. Further, Dr. Callender, who observed Heavin on October 14, 1987, as part of the social security evaluation, indicated that Heavin had limitations in his range of motion and noted that he continued to experience pain despite the back surgery performed in 1986.
 The views of Dr. Callender and Dr. Linovitz are supported by the fact that Mr. Heavin's first back surgery, performed in October, 1986 was not successful and did not achieve a fusion of his spine. Dr. Linovitz discovered this when he examined Mr. Heavin in 1988 when Mr. Heavin came to him complaining of increased pain. Dr. Linowitz performed a second spinal operation on Mr. Heavin in August, 1988. Thus, from the time of the injury until the second spinal operation performed by Dr. Linovitz, Heavin's spine remained unfused.
 The medical records kept by Dr. Blanda demonstrate that he considered Mr. Heavin's spinal injury to have been successfully treated in the first operation. His notes of March and September, 1987 reflect that the x-ray looked fine. Thus, Dr. Blanda's ambiguous statement and the opinion of the doctors who relied upon it in evaluating his disability were based upon an incorrect assessment of his condition and therefore do not constitute substantial evidence to support a finding of no disability. Accordingly, the decision to deny Mr. Heavin's application for disability for the 12-month period following his accident is reversed.
 3. Continuous Disability:
 Our reversal of the decision to deny Mr. Heavin disability benefits does not dispose of all the issues in this case. Mr. Heavin seeks a determination of continuous disability. He filed a single disability application following his accident and he claims he has remained disabled to this day.
 It appears that the ALJ interpreted his application to involve two discrete periods of disability with the first occurring directly after the accident and the second beginning in July, 1988 when he began complaining of increased pain in his back. As discussed previously, the ALJ erroneously denied disability benefits for the first 12-month period. Although he acknowledged that Mr. Heavin complained of severe pain in July, 1988, the ALJ concluded that Mr. Heavin had failed to establish a later period of disability because he was shown to be capable of light sedentary work within twelve months of the onset of his increased pain.
 This court construes Mr. Heavin's application as a single request for disability benefits in connection with the injuries he sustained in his fall from the oil rig. Our reversal of the decision of the Secretary and ALJ regarding Mr. Heavin's disabled status as of October, 1987 entitles Mr. Heavin to disability benefits for at least 12 months.
 Because the prior proceedings were largely focused upon Mr. Heavin's qualification for disability benefits in the 12-month period directly following his accident, we consider it prudent to remand this action to the ALJ in order that a thorough examination of his condition can be undertaken to determine the period thereafter for which he was entitled to disability benefits and whether he continues to be entitled to disability benefits.
 4. Reduced Kidney Functioning:
 Finally, the ALJ also erred in failing to consider Mr. Heavin's kidney dysfunction when he identified jobs that Mr. Heavin was likely to be able to perform given his health constraints. The record indicates that Mr. Heavin suffered extensive kidney impairment as a result of the accident. His kidney problems prevent him from taking pain medication and one doctor testified that such limited kidney functioning could require that Mr. Heavin avoid stressful and infectious work environments. It does not appear that these constraints were considered by the vocational expert when he identified jobs that Mr. Heavin was capable of performing. On remand, if the ALJ relies on a vocational expert to determine whether Mr. Heavin continues to be disabled, the vocational expert must properly consider the restrictions that Mr. Heavin's limited kidney functioning would have on his ability to work.
 CONCLUSION
 This court concludes that there was insufficient evidence in the record to support the conclusion of the Secretary and the ALJ that Mr. Heavin was not disabled as of October, 1987. Dr. Blanda's opinion which was relied upon by medical experts testifying for the Secretary was based upon the erroneous assumption that Mr. Heavin's back injury had fused after his initial surgery. Thus, the ALJ's decision to deny him disability benefits is reversed.
 The action is remanded to the ALJ in order that he may consider Mr. Heavin's claim of continuous disability from the accident to the present. Should the ALJ conclude that Mr. Heavin's disabled condition improved sufficiently after October, 1987 to warrant his return to the workforce, the ALJ must consider Mr. Heavin's limited kidney functioning when identifying jobs that he would be capable of performing.
 This action is REVERSED and REMANDED.
 
 
 
 *
 Honorable Robert F. Peckham, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3