15 F.3d 1095
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Carolyn UPTON, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 92-55756.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 10, 1993.
Decided Dec. 30, 1993.
 
 Before: ALDISERT,* HUG, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carolyn Upton appeals the magistrate judge's grant of summary judgment in favor of the Secretary of Health and Human Services. Upton contends that the Administrative Law Judge ("ALJ") improperly weighed the medical evidence and credibility of the doctors in determining that she was not disabled. Further, Upton contends that the ALJ improperly rejected her subjective complaints. We conclude that substantial evidence in the record supports the ALJ's decision, and we reject Upton's contention that the ALJ improperly rejected her subjective complaints. We affirm.
 
 I.
 FACTS
 
 3
 Carolyn Upton applied for disability benefits claiming an inability to work since June 10, 1985, due to memory loss and an inability to concentrate stemming from an on-the-job fall on July 8, 1983. Prior to that date, Upton had been working as a bank teller for Bank of America. She continued to work at the bank until June 10, 1985 when her treating physician advised that she discontinue that work.
 
 
 4
 On July 11, 1989, Upton applied for Social Security disability benefits, claiming an onset date of June 10, 1985. The Secretary denied her any benefits. In September, 1990, Upton appeared before the ALJ for a hearing on her claim. The ALJ found that her impairment was not of sufficient severity to entitle her to benefits. He found that she did not lose the residual functional capacity to engage in light and sedentary work, including past relevant work, for any period of 12 continuous months.
 
 
 5
 As stipulated by the parties, Upton appealed the ALJ's decision to the United States Magistrate. The Secretary filed a cross-motion for summary judgment which the magistrate judge subsequently granted. This appeal followed. We affirm.
 
 II.
 DISCUSSION
 
 6
 We review a district court's grant of summary judgment de novo. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992). We must determine whether the ALJ's findings were supported by substantial evidence in the record and whether he applied the correct legal standards. Id. "Substantial evidence is 'more than a mere scintilla,' ... but is 'less than a preponderance.' " Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir.1990) (citations omitted). We must examine the record as a whole and not merely evidence tending to support or detract from a finding. Gamer v. Secretary of Health and Human Servs., 815 F.2d 1275, 1278 (9th Cir.1987).
 
 
 7
 To establish a disability for the purpose of receiving social security benefits, the claimant must prove that "she is unable to 'engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.' " Drouin, 966 F.2d at 1257, (quoting 42 U.S.C. Sec. 423(d)(1)(A)). The claimant bears the burden of proving a disability, but once the claimant has established that her impairment prohibits her from doing her prior job, then the burden shifts to the Secretary to establish that the claimant can engage in other types of substantial work. Id.
 
 
 8
 The ALJ's role is to determine the credibility of medical testimony and resolve any ambiguities in the evidence. Drouin, 966 F.2d at 1258. On appeal, the proper inquiry is whether the evidence allows a reasonable mind to accept the ALJ's conclusion. Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir.1984). If the ALJ rejects uncontroverted medical evidence, he must explain his reasons for so rejecting; however, he can resolve disputes in contradicted medical evidence. Sanchez v. Secretary of Health and Human Servs., 812 F.2d 509, 511 (9th Cir.1987). "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion which must be upheld." Gallant, 753 F.2d at 1453.
 
 
 9
 The record consists of the medical reports from Upton's workers' compensation action, consultation reports from medical advisors, and Upton's testimony before the ALJ. Many different doctors examined Upton, and Upton underwent extensive testing. The medical evidence was conflicting. Some doctors found Upton unable to engage in any work, while others found her capable of returning to her past relevant work. The two consulting medical advisors found no work limitations. Based on this information, the ALJ concluded that Upton was not precluded from returning to her past relevant work. In such a situation, we must uphold the ALJ's decision as a rational resolution of conflicting evidence.
 
 
 10
 As a further point of error, Upton contends that the ALJ improperly rejected her subjective complaints. We disagree. "The claimant must produce objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged....' " Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir.1991), (quoting 42 U.S.C. Sec. 423(d)(5)(A)). Once this evidence is produced, the ALJ may not discredit the claimant's subjective complaints solely on the grounds that they are unsupported by objective medical evidence. Id. at 345. The grounds for rejecting the claimant's subjective complaints must be supported by specific findings. Id.
 
 
 11
 Upton testified that she performed all her normal daily activities, including cooking, cleaning, paying bills, and driving. She has an unrestricted driver's license. Additionally, Upton worked for nearly two years following her fall at the bank. She testified that although her problems began immediately after the fall, she was able to continue working as a bank teller. The ALJ evaluated this evidence and concluded that the severity of her subjective complaints was not credible and made specific findings in support of this conclusion. He stated that her statements regarding her memory were flatly contradicted by both the clinical findings and psychological testing, and were also inconsistent with her daily activities.
 
 
 12
 The ALJ did not err in rejecting Upton's subjective complaints. The ALJ's finding that Upton was not disabled was supported by substantial evidence. The summary judgment is affirmed.
 
 
 13
 AFFIRMED.
 
 
 
 *
 Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit Court of Appeals, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3