92 F.3d 1191
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Linda K. DONOVAN, Plaintiff-Appellant,
v.
Shirley S. CHATER,** Commissioner, Social
Security Administration, Defendant-Appellee.
 No. 95-15454.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 14, 1996.*
Decided July 25, 1996.
 
 Before: SNEED, PREGERSON and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The ALJ found Donovan can perform sedentary and light level jobs that permit alternating between sitting and standing, and wouldn't require her to raise her arms above her head for prolonged periods of time or to engage in repetitive bending, twisting, stooping, and rapid turning or rotating of the neck. ER at 7. Relying on a vocational expert's testimony, the ALJ concluded Donovan could work as a database operator or receptionist and that 100,000 such positions exist in the national economy. ER at 7. Although occasional words on the tape recording of the expert's testimony were inaudible, it's not hard to figure out what he said. We find no inconsistency in the ALJ's determination that Donovan can't return to her old sedentary job, but can perform other unskilled sedentary or light work.
 
 
 3
 Donovan argues that the evidence is insufficient, but she incorrectly assumes that the Dictionary of Occupational Titles trumps the vocational expert's testimony. The ALJ was entitled to rely on expert testimony in finding that Donovan could perform the jobs identified by the expert, regardless of the DOT classifications. Johnson v. Shalala, 60 F.3d 1428, 1436 (9th Cir.1995). The vocational expert's testimony was uncontroverted substantial evidence that someone in Donovan's condition could work as a receptionist, cashier or database manager.
 
 
 4
 Donovan claims the ALJ disregarded Dr. Welsh's and Dr. Mandac's assessments of her condition. In fact, the ALJ's findings incorporate Dr. Welsh's opinion that Donovan is precluded from heavy lifting, reaching overhead or flexion of the neck, and that she needs to sit or stand as needed for comfort. CR at 213. As for Dr. Welsh's estimate that Donovan probably would never return to work, he was referring to her previous job, as evidenced by his statement that she was a viable candidate for job retraining. CR at 207. Dr. Mandac's opinion is also consistent with the ALJ's findings. Although Dr. Mandac diagnosed Donovan as having chronic pain, he found it "doubtful that she has active disc disease." CR at 210. Dr. Mandac never evaluated Donovan's ability to work, leaving that assessment to a qualified therapist. CR at 211.
 
 
 5
 Donovan also objects that the ALJ disregarded her subjective complaints. We must defer to the ALJ's findings on questions of credibility. Flaten v. Secretary of Health & Human Servs., 44 F.3d 1453, 1464 (9th Cir.1995). The ALJ was free to consider Donovan's daily activities, inconsistencies in testimony and relevant character evidence. Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir.1995). He found Donovan's testimony regarding the severity of her discomfort inconsistent with her ability to cook, clean, shop, drive and ride a bicycle. ER at 4-5; CR at 119. That she sometimes needed help doesn't undermine the ALJ's determination. Additionally, in a letter to the Disabilities Claims Examiner, Dr. Goranson expressed doubts about her subjective complaints: "I share your concerns regarding Ms. Donovan's prolonged disability. Her credibility is hampered by the fact that she has an infant daughter at home to care for." CR at 160.
 
 
 6
 AFFIRMED.
 
 
 7
 PREGERSON, Circuit Judge, dissenting.
 
 
 8
 I dissent because substantial evidence does not support the ALJ's findings that Donovan could work as a database operator or general receptionist. Substantial evidence also does not support the ALJ's findings that jobs that Donovan could perform, given her impairments, exist in substantial numbers.
 
 
 9
 After a disability claimant demonstrates that her impairments preclude her from performing her previous jobs, the burden shifts to the Commissioner to demonstrate that the claimant can do other jobs and that such jobs exist in significant numbers in the national economy. Gamer v. Secretary of Health and Human Services, 815 F.2d 1275, 1278 (9th Cir.1987); 42 U.S.C. § 423(d)(2)(a). The Commissioner may use a vocational expert to meet this burden.
 
 
 10
 Here, the ALJ concluded that Donovan's impairments prevented her from performing her most recent job and also prevented her from performing any of her other past jobs. The ALJ therefore called a vocational expert to testify as to what jobs Donovan could perform. After this testimony was presented, the ALJ found that Donovan could work as a database operator or receptionist. But the vocational expert's testimony does not support these findings.[1] Moreover, the expert never testified regarding the number of jobs that exist that Donovan could perform, given her impairments. The Commissioner has therefore not carried her burden of proof.
 
 
 11
 Nowhere in the record is there any statement by the vocational expert that Donovan could work as a database operator. In fact, the vocational expert testified that Donovan's restrictions on holding her head in one position for more than twenty minutes "creates a serious problem as far as ... where you're dealing with an office environment or a computer your head is going to be in one stable position for fairly prolonged periods of time." Thus, there is no evidence, much less substantial evidence, to support the ALJ's finding that Donovan could work as a database operator.
 
 
 12
 The vocational expert also testified that only some specialized receptionist positions such as security receptionist would allow an employee to "control sitting and standing to some degree." To what degree an employee could control this, the record does not show. The expert stated "[t]he issue is, is sustained (INAUDIBLE) through the workday." Although somewhat ambiguous, this statement implies that the expert believed that someone with Donovan's impairments could not perform sustained receptionist work through an entire workday. Thus, substantial evidence does not support the ALJ's finding that Donovan could work as a receptionist.
 
 
 13
 Third, the vocational expert did not testify as to how many receptionist jobs exist that would allow an employee to sit and stand at will and that would not require the employee to hold her head in a particular position for a sustained period of time. Without this testimony, the Commissioner has failed to bear her burden of proving that a significant number of jobs exist which Donovan could perform.
 
 
 14
 In sum, substantial evidence does not support the ALJ's findings. I therefore would remand this case for a new administrative hearing.
 
 
 
 **
 Shirley S. Chater, Commissioner of the Social Security Administration, is substituted for Donna E, Shalala, Secretary of Health and Human Services, as the defendant
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The administrative hearing transcripts are incomplete because a significant portion of the vocational expert's testimony was inaudible and thus was not transcribed. The portion of the expert's testimony that was transcribed does not support the ALJ's findings and even contradicts some of these findings