**Paula K. JEFFRIES, Plaintiff–Appellant,**

v.

**COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION; Department of Health & Human Services, Defendants–Appellees.**

No. 99–17083.

D.C. No. CV–97–00535–WDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 15, 2001.

Decided March 29, 2001.

Before REINHARDT, RYMER and FISHER, Circuit Judges.

### MEMORANDUM *

Paula Jeffries appeals the denial of her Social Security disability claim. Jeffries alleged she was exposed to dangerously high levels of formaldehyde, resulting in chemical sensitivity, toxic encephalopathy, immunotoxicity syndrome and a range of cognitive disorders. The opinions of more than a dozen doctors and psychologists, however, conflicted widely. The Administrative Law Judge ("ALJ") reviewed the entire record and determined Jeffries had only one limitation: chemical sensitivity by history.

The district court had jurisdiction under 42 U.S.C. § 405(g). We have jurisdiction under 28 U.S.C. § 1291, and review de novo a district court's order upholding the Commissioner's decision to deny benefits. *Harman v. Apfel,* 211 F.3d 1172, 1174 (9th Cir.2000).

After reviewing the record, we believe the ALJ acted appropriately in resolving conflicting medical testimony regarding all of Jeffries' claims save one. *See Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ found Jeffries suffered from a severe impairment, chemical sensitivity, but that she had the "residual functional capacity to perform work-related activities except for work involving exposure to fumes, dusts, odors, gases and poor ventilation." At step four of the sequential Social Security inquiry, the ALJ then had to determine whether, given her severe impairment, Jeffries could perform past relevant work. The ALJ decided she could perform her previous jobs at the University of Arizona and IBM because they did not involve exposure to "*excessive* dusts or odors." (Emphasis supplied.)

It is unclear why, after expressly finding that Jeffries could not be exposed to dusts or odors—without qualification—the ALJ then went on to determine she could perform her previous jobs because they did not involve "excessive" exposure to dusts or odors. In other words, there is a disparity between the standard established by the ALJ's findings and that applied to the determination of whether Jeffries had the residual functional capacity to perform past relevant work.

Accordingly, we remand with directions that the ALJ reconsider his findings. Should he again determine that Jeffries can perform past relevant work because that work did not involve exposure to

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

"excessive" dusts or odors, he shall explain and justify that determination, given the finding that her severe impairment prevents her from working where she is exposed to dusts or odors, without any qualification at all. To this end, another hearing may be in order. Additional evidence may be necessary to assess properly Jeffries' impairment, and to determine whether she has the residual functional capacity to perform her past work given that impairment. Also, this determination might be better informed by the opinion of a vocational expert. *See Garner v. Secretary of Health and Human Servs.*, 815 F.2d 1275, 1278 (9th Cir.1987); *see also* S.S.R. 85–15. Moreover, should the ALJ proceed to step five of the sequential inquiry, a similar process and analysis would appear to be required.

REVERSED and REMANDED for further proceedings consistent with this disposition.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.