David **PERMINTER**, Plaintiff-Appellant,

v.

Margaret **HECKLER**, Secretary of Health and Human Services, Defendant-Appellee.

No. 84–6465.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 1985.

Decided June 12, 1985.

Order Filed July 9, 1985.

John Ohanian, Los Angeles, Cal., for plaintiff-appellant.

Gary L. Floerchinger, San Francisco, Cal., for defendant-appellee.

Before PREGERSON and ALARCON, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM:

David Perminter appeals from the denial of Supplemental Security Insurance (SSI) and disability insurance benefits by the Secretary of Health and Human Services (Secretary) and by the district court. We reverse.

### Facts

On June 29, 1982, Perminter applied for benefits alleging disability since June 14, 1982. His applications were denied initially, upon reconsideration, and by the Administrative Law Judge (ALJ) after a hearing. The Appeals Council denied review, and the ALJ's decision became the final decision of the Secretary. The district court adopted the magistrate's recommendation to affirm the Secretary's decision.

At the time of the hearing held on March 2, 1983, Perminter was thirty-two years old and had a tenth-grade education. He served in the United States Army from 1971 to 1974; since then he worked as a laborer in steel mills, as a truck driver, and as a janitor. Perminter alleges disability from pain associated with his left knee which was fractured on June 14, 1982 when two men beat and robbed him.

Although initially Perminter expected to return to work by September, 1982, later medical reports are uncontroverted that Perminter suffered from significant loss of motion in his left knee and was in great pain. The last doctor to examine Perminter agreed with earlier reports that Perminter could not perform heavy work and that April 1, 1984 is a reasonable date to expect Perminter to return to work.

The ALJ found that Perminter could not perform his past relevant work but that he is capable of performing sedentary work and was not disabled for a continuous twelve-month period. The magistrate adopted the ALJ's findings.

### Discussion

The jurisdiction of this court is limited to determining whether the Secretary's findings are supported by substantial evidence, viewing the record as a whole. *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir.1984). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Johnson v. Harris*, 625 F.2d 311, 312 (9th Cir. 1980).

The Secretary conceded that Perminter could not return to his former heavy work but found that he was able to perform sedentary work within the requisite twelve-month period of disability. The evidence, however, indicates that for more than twenty months since his injury, Perminter, because of excruciating pain, was unable to work at any job. Once Perminter showed that he cannot perform his former work, it became the Secretary's burden to show what specific jobs Perminter is capa-

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

ble of performing. *Bonilla v. Secretary*, 671 F.2d 1245, 1246 (9th Cir.1982). The Secretary failed to do it. Instead, she mistakenly relied on the medical-vocational guidelines to find Perminter not disabled. She did not give adequate consideration to his pain, which is a non-exertional limitation not included in the guidelines. 20 C.F.R. pt. 404, subpt. P, app. 2 § 200.00(a), (d) and (e). Absent other reliable evidence of Perminter's ability to perform specific jobs, the Secretary must use a vocational expert. *Hall v. Secretary*, 602 F.2d 1372, 1377 (9th Cir.1979). No vocational expert testified at the hearing, and there was no other evidence which showed that Perminter is capable of performing any specific jobs.

The ALJ's reliance on his personal observations of Perminter at the hearing has been condemned as "sit and squirm" jurisprudence. *Freeman v. Schweiker*, 681 F.2d 727, 731 (11th Cir.1982). Denial of benefits cannot be based on the ALJ's observation of Perminter, when Perminter's statements to the contrary, as here, are supported by objective evidence. *Coats v. Heckler*, 733 F.2d 1338, 1341 (9th Cir.1984).

The Secretary's findings, considering the record as a whole, are not supported by substantial evidence, and there is no evidence in the record to show that Perminter is physically able to perform any job for which he is qualified. We find that Perminter is disabled within the meaning of the Act.

We reverse the judgment of the district court and remand with instructions to enter a judgment awarding Perminter disability benefits beginning June 14, 1982.