981 F.2d 1258
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elsie JAMES, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health & Human Services,
Defendant-Appellee.
 No. 91-35090.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 17, 1992.
Decided Dec. 3, 1992.
 
 Before EUGENE A. WRIGHT, FLETCHER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Elsie James, an applicant for disability benefits, appeals the district court's judgment in favor of the Secretary of Health and Human Services. We reverse and remand.
 
 
 3
 James applied for disability benefits in 1988. She alleged that on February 15, 1983, while working as a waitress, she slipped and fell on the restaurant floor. As a result of the accident, she allegedly has suffered pain in her neck, lower back, and right leg that has prevented her from working since May 1984.
 
 
 4
 An administrative law judge found that James was capable of performing a full range of light work, and therefore concluded that she was not disabled within the meaning of the Social Security Act. After the Appeals Council denied review of the ALJ's decision, James filed this action. The district court affirmed the Secretary's decision, and James timely appealed.
 
 
 5
 James contends that the Secretary's determination that she has the residual functional capacity to perform the full range of light work is not supported by substantial evidence.[1] In particular, she argues that the ALJ erred by rejecting her excess pain testimony and applying the Medical-Vocational Guidelines ("grids") instead of calling a vocational expert.
 
 
 6
 Once a disability benefits claimant has produced objective medical evidence of an underlying impairment that is reasonably likely to be the cause of alleged pain, medical evidence is not required to support the alleged severity of pain. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir.1991) (en banc). A determination that the claimant's excess pain testimony is not credible must be based on specific findings and supported by the record. Id. at 345-46; Varney v. Secretary of Health & Human Servs., 846 F.2d 581, 584 (9th Cir.), modified on other grounds, 859 F.2d 1396 (9th Cir.1988).
 
 
 7
 Here, the ALJ found that "the medical evidence in the record shows that [James] has some musculoskeletal problems causing pain, due to degenerative disc disease." The Secretary concedes that James satisfied her initial burden of proof by producing objective medical evidence of an underlying impairment that is reasonably likely to cause pain. See Bunnell, 947 F.2d at 345.
 
 
 8
 The ALJ found, however, that James's subjective allegations of pain and resulting functional limitations appeared "to be exaggerated and not supported by the medical evidence in the record." The ALJ erred by rejecting James's excess pain testimony on the ground that it was not corroborated by medical evidence. See id. at 346-47 ("the adjudicator may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence").
 
 
 9
 Moreover, the ALJ's determination that James's allegations of pain were exaggerated is not supported by specific findings. To determine whether a claimant's allegations of disabling pain are credible, the ALJ must consider the factors listed in Social Security Ruling ("SSR") 88-13. Id. at 346. These factors include the intensity and location of the pain, precipitating and aggravating factors, the medication and other treatment the claimant receives, her functional restrictions, and her daily activities. Id. Here, although the ALJ referred to several of these factors, he erred by failing to explain how each factor contributed to his determination that James's excess pain testimony was "exaggerated." See Varney, 846 F.2d at 584 (ALJ erred by failing to "isolate particular complaints of pain and discuss the evidence suggesting that those complaints are not credible").
 
 
 10
 James's testimony disclosed that her daily activities consisted of light household chores, such as cooking and washing dishes, punctuated by periods of rest. James further testified that she can stand for fifteen to twenty minutes and walk three to four blocks. She can sit for up to an hour but begins to experience pain after thirty minutes, and she drives only for short distances. These limited activities are not inconsistent with a disabling level of pain. See Howard v. Heckler, 782 F.2d 1484, 1488 (9th Cir.1986) (ability to engage in periodic, restricted travel does not diminish credibility of pain testimony); Gallant, 753 F.2d at 1453-54 (cooking meals and washing dishes not inconsistent with disabling leg and back pain). The ALJ did not make specific findings discrediting James's testimony or assessing the ability of a person with such limitations to perform the full range of light work. Nor does James's ability to complete secretarial and bookkeeping courses necessarily support the conclusion that her excess pain testimony was exaggerated; the ALJ failed to ask James about the physical, exertional requirements of this vocational program. Accordingly, because the ALJ did not make specific findings relating the SSR 88-13 factors to the credibility of James's pain testimony, we reverse with instructions to the district court to remand for further administrative proceedings. See Bunnell, 947 F.2d at 345-46.[2]
 
 
 11
 James also contends that the Secretary erred by relying solely on the grids in determining that she could perform other work available in the national economy. The Secretary cannot rely solely on the grids if a claimant has significant non-exertional limitations that affect her ability to work; instead the Secretary must present testimony from a vocational expert. Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 578-80 (9th Cir.1988) (Pregerson, J., concurring); Howard, 782 F.2d at 1486 n. 1. Pain is a non-exertional limitation not covered by the grids. Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir.1985) (per curiam).
 
 
 12
 If on remand the ALJ accepts James's testimony regarding her pain and the physical limitations it causes, then he will have to determine whether she has the residual functional capacity to work. To allow the ALJ to make this determination, the Secretary must present testimony from a vocational expert. See Desrosiers, 846 F.2d at 578; Perminter, 765 F.2d at 872.
 
 
 13
 We reverse the judgment and remand to the district court for remand to the Secretary for further proceedings consistent with this memorandum.
 
 
 14
 REVERSED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 The Secretary concedes that James satisfied her initial burden of demonstrating that a physical impairment prevented her from returning to her former work as a waitress. The burden of proof therefore shifted to the Secretary to show that James could perform other work given her residual functional capacity, age, education, and work experience. See Gallant v. Heckler, 753 F.2d 1450, 1456 (9th Cir.1984); 20 C.F.R. §§ 404.1520(f), 416.920(f) (1992)
 
 
 [2]
 Given our resolution of the excess pain issue, we need not address James's other argument that the ALJ erred by relying on hearsay statements to impugn her credibility