19 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gerald VAN AUSDLE, Plaintiff-Appellant,
v.
Donna E. SHALALA, M.D.* Secretary of Health and
Human Services, Defendant-Appellee.
 No. 92-35413.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1993.
Decided March 9, 1994.
 
 Before: GOODWIN, CANBY, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gerald Van Ausdle appeals a district court order affirming the Secretary's denial of his application for disability benefits. He argues that the Secretary did not meet her burden of showing that alternative employment was available. We agree and reverse, remanding for the payment of benefits.
 
 I.
 
 3
 Van Ausdle is a fifty-seven year old diabetic with a high school education. For most of his adult life (twenty-seven years), he has worked as a pipe fitter for the Crown-Zellerbach Company in Port Townsend, Washington. He was laid off in 1984, after the mill changed owners. According to his testimony, his diabetes had been interfering with his work for some time, forcing him to rest often and causing his employers to send him home early on a frequent basis. He believes these absences and frequent rests contributed to his layoff. Within months of the layoff, he was hospitalized for diabetes.
 
 
 4
 Since then, he has worked at two separate truck driving jobs. The first of these jobs, driving an oil truck, began in September, 1985. After working five months, he was fired for making too many mistakes on the job. The second job, driving a logging truck, began in June, 1986. Van Ausdle quit after four weeks because the work was too physically demanding, given his diabetes and other health problems.[1] Since then, he has not worked.
 
 
 5
 Van Ausdle has been a diabetic for approximately thirty years[2] and has been taking insulin since 1980. Because of his diabetes, he must take food with him wherever he goes and eat at least every two hours. In addition, he complains of fatigue, blurry vision, mental confusion and shakiness. His treating physician confirms that his diabetes is "quite brittle" and "in poor control," and that his sugar levels "really jump around." An ophthalmologist, Dr. Chu, also found signs of early diabetes retinopathy, as well as minimal hyperopia, and presbyopia.
 
 
 6
 In addition to diabetes, Van Ausdle suffers from severe adhesive capsulitis (bursitis) in both shoulders which gets worse upon physical exertion. Because of his diabetes, he is unable to take appropriate bursitis medications and his doctor reports that he has a 40% abduction in his shoulders. Although he has been following an exercise regime, he has a limited ability to lift, push and pull and is unable to work with his arms above his head.[3]
 
 
 7
 Van Ausdle first applied for disability benefits on December 23, 1986. After a hearing, the administrative law judge ("ALJ") denied his application, finding that Van Ausdle did not have a severe impairment. The Appeals Council reversed, ruling that Van Ausdle's shoulder problems constituted a severe impairment. On remand, the ALJ held a second hearing and again rejected Van Ausdle's claims. She found that Van Ausdle was fully insured under the Social Security Act through December 1990, and that his shoulder problems prevented him from working at either of his former occupations.[4] However, she determined Van Ausdle was not disabled based on a vocational expert's testimony that Van Ausdle was qualified for other jobs in the national economy.
 
 
 8
 After exhausting his administrative appeals, Van Ausdle filed a complaint in the United States District Court, Western District of Washington pursuant to 42 U.S.C. Sec. 406(g). The district court affirmed the ALJ's decision.
 
 II.
 
 9
 "A claimant establishes a prima facie case of disability by showing that his impairments prevent him from doing his previous job." DeLorme v. Sullivan, 924 F.2d 841, 849-50 (9th Cir.1991) (citations omitted). Once he makes this showing, the burden shifts to the Secretary to show that he can do other substantial work, given his age, education, work experience and residual functional capacity. 20 C.F.R. Sec. 404.1520(f); DeLorme, 924 F.2d at 850; Gamer v. Secretary, 815 F.2d 1275, 1278 (9th Cir.1987). The ALJ found, and the parties agree, that Van Ausdle cannot work at any of his previous jobs.
 
 
 10
 The Secretary may meet her burden either (1) by applying the Medical-Vocational Guidelines, 20 C.F.R. Sec. 404(P), or (2) by presenting testimony of a vocational expert. Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir.1986). However, she may rely on the Guidelines "only when they accurately and completely describe the claimant's attributes and limitations," Jones v. Heckler, 760 F.2d 993, 998 (9th Cir.1985).[5] In Van Ausdle's case, the Guidelines do not apply. The ALJ found that Van Ausdle does not have the "residual functional capacity for the full range of light work" because of his "inability to push, pull or work with arms over head." Thus, the Secretary cannot satisfy her burden by relying on Grid Rule 202.15. The Secretary's brief to this court does not argue that Grid Rule 202.15 applies.
 
 III. THE TESTIMONY OF THE VOCATIONAL EXPERT
 
 11
 Rather, the Secretary alleges that she met her burden by presenting the testimony of a vocational expert. In response to the ALJ's hypothetical, the Secretary's vocational expert initially testified that Van Ausdle had the residual functional capacity to perform four jobs: (1) small parts assembler, (2) outside deliverer, (3) "tool and parts attendant," and (4) security guard. Van Ausdle argues that this testimony is entitled to no weight because (1) the expert later testified Van Ausdle could not perform the first of these jobs and (2) the expert's description of the other three jobs conflicts with the Dictionary of Occupational Titles, U.S. Dept. of Labor ("DOT") and Selected Characteristics of Occupation Defined in the Dictionary of Occupational Titles, U.S. Dept. of Labor ("Selected Characteristics "). In addition, he argues that the ALJ's hypothetical to the expert erroneously omitted Van Ausdle's nonexertional diabetes symptoms. We agree.
 
 
 12
 A. The Expert Testified that Van Ausdle Could Not Work as a Small Parts Assembler because His Diabetes Required Him to Eat Frequently
 
 
 13
 The ALJ's initial hypothetical to the vocational expert described only Van Ausdle's shoulder difficulties and did not mention that his diabetes requires him to eat frequently. In response to this description of Van Ausdle's impairments, the vocational expert testified that Van Ausdle was qualified for four jobs.[6] When the ALJ added the requirement of frequent eating, however, the vocational expert stated that this limitation would eliminate the small parts assembler job because it is a "production type" job, and the "flexibility [to eat frequently] is not there." Van Ausdle's diabetes is well documented and his need to eat frequently is undisputed. Thus, the ALJ's finding that Van Ausdle could work as a small parts assembler contradicts the testimony of the Secretary's own expert and is not supported by substantial evidence.
 
 
 14
 B. The Expert's Description of the Other Three Jobs Conflicted with the Descriptions of these Jobs Contained in Dept. of Labor Publications
 
 
 15
 Van Ausdle contends that the vocational expert's description of the other three jobs she identified is not consistent with the job descriptions set forth in the DOT and Selected Characteristics. We may review vocational testimony to ensure it is consistent with the Secretary's own regulations. GRID Preamble Sec. 201.00; SSR 82-41; Terry v. Sullivan, 903 F.2d 1273, 1276-79 (9th Cir.1990). A vocational expert's testimony that conflicts with the DOT is entitled to no weight. Swenson v. Sullivan, 876 F.2d 683, 688 (9th Cir.1989) (citing 20 C.F.R. Pt. 404, Subpt. P, App. 2 Secs. 200.00(d), (e)).
 
 
 16
 In the instant case, the vocational expert testified that all four of the jobs she identified qualified as light work. However, the DOT classifies both tool crib attendant (the DOT listing most similar to "tool and parts attendant") and outside deliverer as medium level work. See DOT (5th Ed.1991) at 201, 232. Medium work requires lifting object of up to 50 pounds with frequent lifting or carrying of objects weighing 25 pounds. 20 CFR Sec. 404.1567(c). The ALJ specifically found Van Ausdle could not lift objects over 20 pounds. Thus, both of these jobs are outside Van Ausdle's residual functional capacity.
 
 
 17
 In response to these arguments, the Secretary argues (1) that Van Ausdle did not raise this issue previously and (2) that the vocational expert testified that there were a significant number of tool clerk and outside delivery jobs which require light exertion. The record does not support either of these assertions. Van Ausdle did raise this issue in his reply brief to the district court, and the vocational expert made no such assertion, testifying that all jobs she identified were "light or sedentary."
 
 
 18
 The vocational expert also testified that security guard was an unskilled job. However, DOT 372.667-034 classifies security guard as a semiskilled job, (SV 3) requiring between thirty and ninety days to learn. Terry, 903 F.2d at 1277. Mr. Van Ausdle has no skills transferable to this job and is fifty-seven years old. Moreover, in considering the security guard position, the ALJ does not appear to have considered the severity of Van Ausdle's diabetes symptoms. Thus, the ALJ erred in finding that Van Ausdle was qualified to work as a security guard. Id. at 1277-78.
 
 IV. REMAND
 
 19
 The only remaining question is whether we should remand for additional fact finding or simply for an award of benefits. We may remand for a benefits award "where no useful purpose would be served by further administrative proceedings and the record has been fully developed." Swenson v. Sullivan, 876 F.2d 683, 689 (9th Cir.1989) (citations omitted). Such a remand for benefits is indicated particularly where a claimant has already experienced lengthy, burdensome litigation. Terry v. Sullivan, 903 F.2d 1273, 1280 (9th Cir.1990) (remanding for benefits where the claimant had applied almost four years ago).
 
 
 20
 On the other hand, we have discretion to remand for further fact-finding if the record is unclear as to Van Ausdle's entitlement to benefits, Terry, 903 F.2d at 1280, or if, accepting Van Ausdle's fatigue testimony as true, he is "not necessarily entitled to benefits." Gonzales v. Sullivan, 914 F.2d 1197, 1202 (9th Cir.1990).
 
 
 21
 Examining the record as a whole, we find there are no "outstanding issues which must be resolved before a proper disability determination can be made." Varney v. Secretary, 859 F.2d 1396, 1400 (9th Cir.1988). Van Ausdle's claims have been developed by two separate evidentiary hearings and numerous medical reports. At the second hearing, the Vocational Expert testified that Van Ausdle's nonexertional diabetes symptoms would interfere with all of the jobs she identified. Moreover, none of the jobs she identified were within Van Ausdle's residual functional capacity as found by the ALJ and defined by the DOT and Selected Characteristics.[7] Therefor, it is highly unlikely that the Secretary will meet her burden of proving Van Ausdle is qualified for alternative substantial employment. Moreover, it has been almost seven years since Van Ausdle's first application for benefits.
 
 
 22
 In light of these circumstances, we remand for an award of benefits. Accord Penny v. Sullivan, 2 F.3d 953, 958 (9th Cir.1993); Terry, 903 F.2d at 1280; Boyes v. Sullivan, 901 F.2d 717, 722-23 (9th Cir.1989); Swenson, 876 F.2d at 689; Varney, 859 F.2d at 1401; Perminter v. Sprague, 765 F.2d 870 (9th Cir.1985).
 
 
 23
 REVERSED and REMANDED.
 
 
 
 *
 Donna E. Shalala is substituted for her predecessor, Louis W. Sullivan, as Secretary of Health and Human Services pursuant to Fed.R.App.P. 43(c)(1)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Van Ausdle testified that he and his employer came to a "mutual agreement" that he should quit because the job was "too strenuous" and he "wasn't up to it ... physically."
 
 
 [2]
 He was diagnosed in 1963 or 1964
 
 
 [3]
 Van Ausdle also complains of asbestosis, citing 1981 x-ray evidence showing he has pleural thickening compatible with asbestos exposure. The Secretary disputes this claim because his x-ray also shows "no measurable abnormality of pulmonary physiology." Finally, he complains of knee and back pain, related to rheumatism and an old back injury. Since we find Van Ausdle's diabetes and bursitis are disabling, we do not address these complaints
 
 
 [4]
 Pipe fitting is a skilled job which requires heavy exertion and truck driving is a semiskilled job which requires medium exertion
 
 
 [5]
 See also Gonzales v. Sullivan, 914 F.2d 1197, 1202 (9th Cir.1990); Swenson v. Sullivan, 876 F.2d 683, 688 (9th Cir.1989); Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir.1985)
 
 
 [6]
 However, the vocational expert testified that these jobs were possible if Van Ausdle's shoulder problems were moderate or mild. She stated that severe shoulder problems might cause difficulty at all of the jobs but the security guard position
 
 
 [7]
 In light of these conclusions we do not address Van Ausdle's claim that the ALJ erred in failing to consider the opinion of his treating physician and in refusing to credit Van Ausdle's nonexertional diabetes-related complaints including fatigue and blurred vision