37 F.3d 1506
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert H. SELLARD, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-35626.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Sept. 16, 1994.
Decided Oct. 6, 1994.
 
 1
 Before: BROWNING and CANBY, Circuit Judges, and HUFF,* District Judge
 
 
 2
 MEMORANDUM**
 
 
 3
 Robert H. Sellard appeals the district court's decision affirming the Secretary of Health and Human Service's final decision denying Sellard's application for disability insurance benefits under Title II of the Social Security Act. We affirm.
 
 
 4
 We review the district court's decision de novo and must uphold the Secretary's decision that Sellard is not disabled if there is substantial evidence supporting the decision and no legal error. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992).
 
 
 5
 1. Substantial Evidence & The Speculative Testimony
 
 
 6
 The ALJ found that Sellard suffers from a combination of severe impairments none of which either alone or in combination meet the specific criteria in the Listings of Impairments.[1] Thus, to establish disability, Sellard would have had to demonstrate that the impairments prevented him from doing past relevant work. 20 C.F.R. Sec. 404.1520(e) (1994). We agree with the ALJ that he failed to do so. We also conclude that substantial evidence supports the ALJ's finding that Sellard is capable of performing other work in the national economy.
 
 
 7
 There is medical evidence in the record to support the ALJ's conclusion that neither Sellard's mental impairments nor physical impairments, alone or in combination, renders him disabled. There is also testimony from a medical expert that Sellard can perform work under certain narrowly prescribed conditions. Moreover, there is testimony from a vocational expert that several of Sellard's past occupations as well as many other jobs in the national economy fit within these narrowly prescribed conditions.
 
 
 8
 The ALJ did not improperly disregard Sellard's evidence. The ALJ gave specific grounds for discounting Dr. Sands' diagnosis. He noted that more recent medical evidence provided by Drs. Knickerbock and Olson contradicted Dr. Sands' opinions. The ALJ may choose between conflicting medical opinions. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir.1984).
 
 
 9
 The testimony actually relied upon by the ALJ was not "speculative," as Sellard contends. Although the medical expert did speculate that Sellard would probably respond well to treatment, the expert's conclusion that Sellard could work under specific prescribed conditions did not depend on Sellard's receiving or responding to treatment. The hypothetical question posed to the expert need not have taken into account all of the restrictions alleged by Sellard, because the ALJ was free to accept or reject these alleged restrictions as long as their rejection was supported by substantial evidence. Martinez v. Heckler, 807 F.2d 771, 774 (9th Cir.1987). In this case, it was.
 
 2. The Pain Testimony
 
 10
 The ALJ's findings indicate that he rejected Sellard's pain testimony on permissible grounds. See Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir.1991) (en banc). The ALJ noted, for example, that despite Sellard's alleged severe pain, he performed work around the apartment complex in which he lives, and testified that he can walk two to three miles and lift 75 pounds.
 
 3. The New Evidence
 
 11
 Sellard contends that the district court erred in not remanding the case because of six "new" pieces of evidence. To remand, the district court would have had to find that there was good cause for failing to obtain the evidence earlier, and that there was a reasonable possibility that the new evidence would have changed the outcome. Booz v. Secretary of Health & Human Services, 734 F.2d 1378, 1380-81 (9th Cir.1984). We review the district court's failure to remand on the basis of new evidence for abuse of discretion. Clem v. Sullivan, 894 F.2d 328, 332 (9th Cir.1990).
 
 
 12
 We agree with the district court that, even if Sellard could show good cause for failure to bring forth this evidence, there was no reasonable possibility that the evidence would have changed the outcome. Of the six documents, three were already in the record, and three were cumulative or unhelpful.[2]
 
 
 13
 Sellard now proffers additional "new" evidence. This "new" evidence consists of declarations by Sellard's sister and son. Sellard offers no reason why his sister's declaration was not submitted earlier and has therefore failed to show good cause for failing to bring forth this evidence. Key v. Heckler, 754 F.2d 1545, 1551 (9th Cir.1985). As for the son, Sellard states that his son "was earlier unwilling to forego work or make any effort to help his father document the record." Such a statement without any support does not show good cause. Moreover, there is no reasonable possibility that the declarations would have changed the outcome because they are largely cumulative of other evidence already in the record. See Booz, 734 F.2d at 1380-81.
 
 4. Lay Testimony
 
 14
 Sellard is mistaken that Dodrill v. Shalala, 12 F.3d 915 (9th Cir.1993) requires an ALJ to set forth specific reasons for rejecting the testimony of every lay witness. In Dodrill, the ALJ discounted the testimony of several lay witnesses because "he believed that they were merely repeating Dodrill's complaints." Id. at 918. In fact, however, some of the testimony was based on the witnesses' own observations. The court noted that, contrary to the ALJ's assumption, lay witnesses are competent to make independent observations of a claimant's pain and other symptoms. Dodrill then held that if an ALJ is going to give reasons for rejecting lay testimony, those reasons must be germane to the testimony rejected. Dodrill does not, however, require an ALJ to give reasons why he or she may have believed or not believed the testimony of every lay witness that provides a declaration or testifies. Dodrill must be read in context.
 
 
 15
 Because there is no evidence here the ALJ believed that lay witnesses are incompetent to testify about a claimant's pain and other symptoms, we reject Sellard's argument.
 
 5. Miscellaneous Other Arguments
 
 16
 Sellard summarily argues that the ALJ made a number of other legal errors. First, Sellard maintains that the ALJ misapplied the Medical-Vocational Guidelines (the "grids") because these only apply to exertional impairments. This argument is without merit. First, the regulations do not automatically "preclude the use of the grids when a nonexertional limitation is alleged." Razey v. Heckler, 785 F.2d 1426, 1430 (9th Cir.), amended, 794 F.2d 1348 (9th Cir.1986). Second, the ALJ relied on the vocational expert and used the grids as a "framework." Such use was appropriate. See 20 C.F.R. Part 404, Subpart P, App. 2 Sec. 200.00(e)(2) (1994). See also Cooper v. Sullivan, 880 F.2d 1152, 1156 (9th Cir.1989).
 
 
 17
 Next, Sellard claims that the ALJ engaged in "sit and squirm jurisprudence" because he based his decision on observations made of Sellard during the hearing. Although it would have been an error for the ALJ to base his decision that Sellard is capable of performing other work solely on observations made of Sellard at the hearing, Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir.1985), it was not error for the ALJ to base its decision partially on observations made of Sellard at the hearing. See Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir.1986).
 
 
 18
 We have reviewed Sellard's remaining arguments and find them to be without merit.
 
 CONCLUSION
 
 19
 Substantial evidence supports the Secretary's determination that Sellard is not disabled. The Secretary applied the proper legal standards in reaching the decision. The district court's decision is affirmed.
 
 
 20
 AFFIRMED.
 
 
 
 *
 The Honorable Marilyn L. Huff, United States District Judge for the Southern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Sellard suggests that he meets the severity requirement with respect to obesity. But Sellard has not produced evidence to show that he meets one of the five conditions required by the regulation to support an obesity severe impairment. 20 C.F.R. part 404, Subpart P, App. 1, Sec. 9.09 (1994)
 
 
 [2]
 The three documents offered that were already in the record were: 1) a physical evaluation of Sellard, dated July 23, 1990, 2) an additional copy of Andy Sands, M.D., Evaluation, and 3) a Statement of Education, Employment and Health. The other three documents included: a Psychological/Psychiatric Evaluation, dated June 27, 1991 which reached the same conclusion as Dr. Sands, but which was rejected by the ALJ based on other conflicting evidence; a Narrative Report of an MMPI, etc., by William R. Wilkinson, Ed.D., following MMPI of June 23, 1990, when there is already an MMPI in the record; and another Psychological/Psychiatric Evaluation from Dr. Wilkinson that is illegible. [Date Illegible]