87 F.3d 1319
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Karen L. HAYES, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of the Social Security
Administration,* Defendant-Appellee.
 No. 94-35882.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 13, 1995.
Decided June 17, 1996.
 
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Karen Hayes appeals the denial of her application for Supplemental Security Income disability benefits and Social Security disability insurance benefits under Titles XVI and II of the Social Security Act. We affirm.
 
 I.
 
 3
 The ALJ did not err in rejecting Dr. Butdorf's functional capacity statement, which conflicted with that of Dr. Newby.[1] Dr. Newby did not consider only the injuries from Hayes's fall; he sent Hayes back to work part-time because he believed that despite all of her injuries, she could work.
 
 
 4
 Hayes argues Dr. Newby's 1986 opinion proves nothing about Hayes's condition in 1989, her new onset date, or 1991-1992, when Dr. Butdorf treated her. "This might be true if [Dr. Butdorf] had made any clinical findings suggesting a deterioration in [Hayes' condition], but he did not." Bunnell v. Sullivan, 912 F.2d 1149, 1153 (9th Cir.1990) modified on other grounds, 947 F.2d 341 (9th Cir.1991) (en banc). In fact, as Hayes herself emphasizes, Dr. Butdorf found that Hayes's condition had not changed since 1986, when Dr. Newby examined her.
 
 
 5
 Because Dr. Newby and Dr. Butdorf disagreed, the ALJ was permitted to resolve the conflict, as long as "there is more than one rational interpretation of the evidence." Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir.1987). Rejecting Dr. Butdorf's opinion was not irrational. Hayes worked as a house cleaner from 1988 through 1991, went shopping, maintained her wood stove, and continued her hobbies of embroidering and making Christmas wreathes, all of which, the ALJ concluded, demonstrated that she "had a significant functional capacity." Moreover, the ALJ found Dr. Butdorf's testimony "internally inconsistent in that it appears to limit sitting, standing, and walking to four hours per eight-hour workday, yet indicates that the claimant can lift and carry for eight hours in an eight-hour workday." The ALJ also found Dr. Butdorf's capacity statement to be "inconsistent with [his] earlier statement ... that the claimant did not have a permanent disability," and noted Dr. Butdorf had a "very limited treatment history" with Hayes, wrote the physical capacity statement six months after the date he last treated her, and did not explain why he reached his conclusions.
 
 II.
 
 6
 The ALJ provided specific, legitimate reasons for rejecting Dr. Aho's assessment in favor of Dr. Moser's opinion that Hayes was "moderately," rather than "markedly," impaired in her ability to maintain attention and concentration. Dr. Moser, the ALJ's medical advisor, reviewed the record and observed and questioned Hayes at the hearing. In response to Dr. Moser's questions, Hayes admitted she could read for "several hours" with glasses, suggesting her ability to concentrate was at most only moderately impaired. At the hearing, Hayes also acknowledged she could do simple and routine things, including attend appointments, pay bills, cook, do laundry, make the bed, and visit friends.
 
 
 7
 Dr. Moser's reliance in part on her examination of Hayes at the hearing was not an impermissible "sit and squirm" evaluation. See Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir.1985). Dr. Moser questioned Hayes as well as observed her. In any event, the "sit and squirm" cases express a concern that an ALJ, not a medical advisor, will substitute her own lay judgment for medical diagnosis. Because Dr. Moser is a trained psychologist, she properly based her opinion, in part, on observation of Hayes at the hearing. See Bunnell, 912 F.2d 1155.
 
 
 8
 The ALJ gave other legitimate reasons for rejecting Dr. Aho's opinion, noting that Hayes was not forthcoming during Dr. Aho's interview, and that Dr. Aho's opinion was self-contradictory.[2]
 
 III.
 
 9
 Substantial evidence, including Dr. Newby's opinion, Dr. Moser's opinion, and Hayes's daily activities, supports the ALJ's functional capacity findings.[3] Moreover, the ALJ did not misuse the grids as a framework for his final decision. Hayes's limitations do not coincide exactly with the definition of light or sedentary work. Thus, the ALJ was "required to call a vocational expert and hear testimony as to whether [Hayes] can perform enough light jobs in the national economy to warrant a finding of 'not disabled.' " Desrosiers v. Secretary HHS, 846 F.2d 573, 580 (9th Cir.1988) (Pregerson, J., concurring). Because the vocational expert testified that Hayes could perform one of 870,244 bench assembly jobs in the national economy and 7,278 such jobs in Oregon, substantial evidence supports the ALJ's finding that Hayes was "not disabled." Moncada v. Chater, 60 F.3d 521, 524 (9th Cir.1995) (2,300 jobs in the County and 64,000 nationwide are sufficient); Barker v. Secretary HHS, 882 F.2d 1474, 1478-79 (9th Cir.1989) (1,200 jobs in Southern California are sufficient).
 
 
 10
 AFFIRMED.
 
 
 
 *
 In accordance with section 106(d) of the Social Security Independence and Program Improvements Act of 1994, P.L. No. 103-296, Shirley S. Chater, the Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as defendant-appellee
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Total Hours During an Eight Hour Work-Day:
 Sit Stand Walk
Dr. Newby 3 hours 4 hours 4 hours
Dr. Butdorf 2 hours 1 hour 1 hour
 
 
 [2]
 After the briefs were filed, we asked counsel to address the then-recent decision in Lester v. Chater, 81 F.3d 821, 828-30 (9th Cir.1995), to determine whether Lester prevented the ALJ from adopting Dr. Moser's opinion in favor of Dr. Aho's. After reviewing the Lester opinion and the record in this case, we conclude that it does not
 
 
 [3]
 At oral argument, Hayes contended the ALJ should not have relied on a vocational expert, but should first have asked the medical advisor to consider all of Hayes's impairments in determining whether Hayes suffered from one of the presumptively disabling conditions listed in the regulations. Since Hayes failed to raise this argument in her briefs, we do not consider it