Carol A. OWENS, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART,* Commissioner of Social Security, Defendant–Appellee.

No. 00–35998.

D.C. No. CV–99–03081–KI.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 11, 2002.

Decided Oct. 3, 2002.

---

* Jo Anne B. Barnhart is substituted for her predecessor as the Commissioner of Social Security, pursuant to Fed. R.App. P. 43(c)(2).

Before T.G. NELSON, GRABER, and FISHER, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Under the Social Security Act a claimant is disabled if the claimant cannot work on a *"regular and continuing"* basis, which means 8 hours a day, 5 days a week. *See* 20 C.F.R. §§ 404.1512(a), 404.1545(b); Social Security Ruling 96–8p; *see also* 20 C.F.R. § 416.210. Under Oregon law, a claimant can receive unemployment benefits even if the claimant is

## MEMORANDUM **

Carol A. Owens appeals the district court's judgment affirming the Commissioner of Social Security's ("Commissioner") denial of disability insurance benefits under Title II and supplemental security income disability insurance benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 401 et seq., 1381 et seq. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand.

We review de novo the district court's order. *Johnson v. Shalala,* 60 F.3d 1428, 1432 (9th Cir.1995). The Commissioner's denial of benefits may be overturned only if "it is not supported by substantial evidence, or … is based on legal error." *Id.*

We conclude that substantial evidence does not support the administrative law judge's ("ALJ") finding that Owens' testimony was not credible. First, Owens' application for unemployment benefits is not necessarily inconsistent with her claim of disability under the Social Security Act.[1] Substantial evidence also does not support the ALJ's finding that Owens' medication is not indicative of Owens' limitations. Moreover, the ALJ's observations at the hearing and Owens' daily activities do not necessarily support a finding that she is not disabled. *See Perminter v. Heckler,* 765 F.2d 870, 872 (9th Cir.1985) (per curiam) (holding that ALJ may not base adverse credibility finding on his perceptions of claimant's pain at the hearing

able to work only part-time. *See* Or. Admin. R. 471–030–0036(2)(b). Therefore, in some circumstances, a person whose impairment allows the person to perform part-time, but not full-time, work can look for part-time work and receive Oregon unemployment compensation benefits while still retaining eligibility for social security benefits. The record in this case is too incomplete for us to conclude that Owens' claims for the two kinds of benefits were factually inconsistent, as the ALJ suggests.

where record shows objective evidence of claimant's pain); *see also Vertigan v. Halter*, 260 F.3d 1044, 1049–50 (9th Cir.2001) (stating that claimant's testimony about her daily activities does not detract from her credibility about pain or being disabled unless the activities consume a substantial part of her day).

■ We further conclude that the ALJ improperly rejected Dr. Garcia's opinion. The ALJ incorrectly discredited Owens' accounts of pain, especially where, as here, the subjective symptoms were relevant to the medical diagnosis. *Cf. Reddick v. Chater*, 157 F.3d 715, 725–26 (9th Cir.1998) (discussing subjective complaints in context of diagnosis for chronic fatigue syndrome). The record contains no evidence of actual impropriety by Dr. Garcia, *see Lester v. Chater*, 81 F.3d 821, 832 (9th Cir.1995), or malingering by Owens. Substantial evidence also does not support the ALJ's finding that Dr. Garcia's diagnoses were inconsistent. The ALJ should have considered Dr. Garcia's diagnosis of fibromyalgia and his subjective judgment about Owens' limited ability to work. *See id.* at 832–33.

Accordingly, we reverse the district court's decision and remand with instructions to the district court to remand the case to the Commissioner for a determination of Owens' residual functional capacity and for a determination of whether Owens is disabled and entitled to benefits. On remand, the Commissioner should not evaluate Owens' prior composite job according to the least demanding function of that job. *See Valencia v. Heckler*, 751 F.2d 1082, 1087 (9th Cir.1985). Furthermore, any hypothetical posed to the voca-

tional expert should include Owens' complaints of pain and limitations, along with Dr. Garcia's opinion. *See Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir.1984).

REVERSED and REMANDED with instructions to remand to the Commissioner.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.