**Larry R. BLUM, Plaintiff-Appellant,**

v.

**Jo Anne B. BARNHART,
Defendant-Appellee.**

No. 05-35304.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 20, 2006.*

Filed Nov. 3, 2006.

Allan A. Bonney, Spokane, WA, for Plaintiff-Appellant.

Joanne P. Rodriguez, Esq., Social Security Administration Office of the General

---

* This panel unanimously finds this case .suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Counsel, Seattle, WA, USBO–Office of the U.S. Attorney, Boise, ID, for Defendant–Appellee.

Before: D.W. NELSON and PAEZ, Circuit Judges, and RAFEEDIE,** District Judge.

### MEMORANDUM ***

Larry R. Blum ("Blum") appeals the district court's order[1] affirming the Administrative Law Judge's ("ALJ") decision to deny him Supplemental Security Income ("SSI") disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–34. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's order affirming an ALJ's decision to deny social security benefits. *Frost v. Barnhart*, 314 F.3d 359, 366 (9th Cir.2002). We must affirm the decision to deny benefits unless the ALJ's findings are not supported by substantial evidence or are based on legal error. *Id.* (citing *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.1999)).

■ The district court properly concluded that the ALJ's decision to deny benefits was supported by substantial evidence. It correctly concluded that the ALJ did not err in determining at Step 3 of the 5–Step analysis for ascertaining disability, 20 C.F.R. § 416.920(d), that Blum's impairments do not "meet[ ] or equal[ ] a listed impairment in Appendix 1." *Id.* (referring to the listed impairments ("the Listings")

in 20 C.F.R. Pt. 404, Subpt. P., App. 1). The ALJ properly "evaluated the relevant evidence before concluding that a claimant's impairments do not meet or equal a listed impairment." *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir.2001) (citing *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990)). Although the ALJ did not discuss Blum's claimed symptoms and impairments in the "Findings" section of his opinion, he considered them at length in the section labeled "Evaluation of the Evidence." This analysis is sufficient to support the ALJ's determination that Blum is not disabled under the Listings at Step 3 of the analysis. *Id.* at 513 ("*Marcia* simply requires an ALJ to discuss and evaluate the evidence that supports his or her conclusion; it does not specify that the ALJ must do so under the heading 'Findings.' ").

■ Further, the ALJ did not err by relying on the Medical–Vocational Guidelines ("the Grids"), 20 C.F.R. Pt. 404, Subpt. P., App. 2, at Step 5 of the analysis instead of eliciting the testimony of a vocational expert to determine whether Blum "is capable, considering age, education, and prior work experience, of doing work other than his ... past relevant work." 20 C.F.R. § 416.920(f). The ALJ can meet this burden either by applying the Grids or by calling a vocational expert to testify. *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir.1988). An ALJ may apply the Grids when the claimant is capable of performing "the full range of jobs in a given category, i.e., sedentary work, light work, or medium work," and is not significantly limited in that work by non-exer-

** The Honorable Edward Rafeedie, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the

courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Magistrate Judge Mikel H. Williams heard the case by consent, therefore his decision has the force of a final district court judgment.

tional limitations, including pain. *Tackett,* 180 F.3d at 1101–02.

The ALJ expressly found, based on substantial evidence consisting of the Residual Functional Capacity Assessment produced by agency physicians, the findings of several other doctors, and Blum's own admissions, that Blum could perform the full range of sedentary work. In addition, the ALJ provided "specific, cogent reasons for" disbelieving Blum and his lay witness regarding Blum's pain, *Bruton v. Massanari,* 268 F.3d 824, 828 (9th Cir.2001), and cited "reasons ... germane to each" of them for rejecting their testimony. *Stout v. Comm'r, Soc. Sec. Admin.,* 454 F.3d 1050, 1053 (9th Cir.2006) (citation omitted). The ALJ found that Blum's admissions, and inconsistencies between his and the lay witness's testimony, justified discrediting Blum's pain testimony. Thus, having concluded that Blum was capable of the full range of sedentary work, uninhibited by non-exertional limitations, the ALJ properly applied the Grids to determine that Blum was capable of performing "other ... substantial gainful work that exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

**AFFIRMED.**