**Floyd CLAUSON, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE,\* Commissioner of Social Security Administration, Defendant—Appellee.**

**No. 05–55760.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 2007.

Filed May 9, 2007.

* Michael J. Astrue is substituted for his predecessor Jo Anne B. Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

Stephanie M. Simpson, Esq., Northridge, CA, for Plaintiff–Appellant.

Lorna Li Fax, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: B. FLETCHER and McKEOWN, Circuit Judges, and WHYTE **, District Judge.

MEMORANDUM ***

Appellant Floyd Clauson ("Clauson") appeals the Commissioner of Social Security Administration's ("Commissioner") denial of social security disability benefits. The Commissioner denied benefits for the period May 5, 1990 through January 21, 1994 on the basis that Clauson had engaged in substantial gainful activity during that period. In a separate opinion, the Commissioner denied disability benefits for the period starting January 22, 1994 because Clauson's impairments did not render him disabled within the meaning of the Social Security Act. The district court upheld both decisions.

"This court may set aside a denial of Social Security disability insurance benefits when the Secretary's findings are

---

** The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

based on legal error or are not supported by substantial evidence in the record as a whole." *Desrosiers v. Sec'y of Health & Hum. Servs.*, 846 F.2d 573, 575–76 (9th Cir.1988). "Substantial evidence" consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 576. The court considers the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the Secretary's conclusion." *Id.*

■ Substantial evidence supports the Commissioner's decision that Clauson engaged in substantial gainful activity from May 5, 1990 through January 21, 1994. Clauson testified that between 1990 and 1994 he worked periodically as a roofer and was paid cash "under the table." Clauson's testimony and the submitted vocational and disability reports indicate that from 1969 to 1994 he worked an average of five to six days a week at a wage rate of $5 to $6 per hour. The Commissioner reasonably inferred that Clauson earned approximately $200 a week, or $800 per month, which was sufficient to constitute substantial gainful activity. *See* 20 C.F.R. § 404.1574(b)(2) (earnings of more than $500 per month will ordinarily show the claimant engaged in substantial gainful activity). The district court properly upheld the conclusion that substantial gainful activity barred a finding of disability. *See Stout v. Comm'r*, 454 F.3d 1050, 1052 (9th Cir.2006).

■ The Commissioner also correctly concluded that there is no evidence that Clauson's impairments met or medically equaled the criteria set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 ("App.1") §§ 5.02, 5.05, or 1.03. *See* 20 C.F.R. § 404.1525(a), (c)(3), (c)(5). A claimant must show more than a mere diagnosis of a listed impairment; he must show that he has a "medically determinable" impairment or impair-

ments that satisfy all of the criteria in the applicable listing. 20 C.F.R. § 404.1525(d); *Key v. Heckler*, 754 F.2d 1545, 1550 (9th Cir.1985).

Clauson bears the burden of showing that the criteria of a listed impairment were met or medically equaled. *See Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). Here, Clauson showed that he was hospitalized July 1990, July 1992, October 1992, and February 1994 for gastrointestinal bleeding and that his hematocrit levels tested below 30 percent during two of the hospitalizations. The Commissioner did not err in determining such evidence failed to show "[r]ecurrent upper gastrointestinal hemorrhage from undetermined cause with anemia manifested by hematocrit of 30 percent or less on repeated examinations." *See* Appendix 1, § 5.02. Similarly, although he was diagnosed with trace esophageal varices, there was no bleeding attributed to those varices. *See id.* § 5.03 (requiring "[e]sophageal varices ... with a documented history of massive hemorrhage attributable to these varices"). Section 1.03 is not satisfied because nothing in the record shows that Clauson could not effectively ambulate for a period of at least twelve months. Moreover, the medical reports indicate without exception that he could walk without assistance for periods ranging from four to eight hours.

■ Finally, the Commissioner did not err in applying the medical-vocational grids in 20 C.F.R. Pt. 404, Subpt. P, App. 2 (the "Grids") in denying benefits for the period commencing January 22, 1994. The Commissioner may apply the Grids where the claimant is found to be able to perform "the full range of ... medium work, and is not significantly limited in that work by non-exertional limitations." *See Blum v. Barnhart*, 203 Fed.Appx. 894, 895–96 (9th Cir.2006); *Desrosiers*, 846 F.2d at 577. To preclude application of the Grids, the as-

serted non-exertional limitations must "significantly limit the range of work permitted by [the] exertional limitations." *Id.*; *see also Razey v. Heckler,* 785 F.2d 1426, 1430 (9th Cir.1986). Although pain can be considered a non-exertional limitation, it was within the discretion of the Commissioner to infer that Clauson's assertions of pain did not significantly limit the range of medium work. *See Perminter v. Heckler,* 765 F.2d 870, 872 (9th Cir. 1985). The medical reports indicate that Clauson could perform a medium range of work. The Commissioner's inference is also supported by the evidence that Clauson was only taking Tylenol for pain, visited a doctor only once a year to refill prescriptions, and never sought any more aggressive medical treatment for his ankle injury or pain.

**AFFIRMED.**